**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

  v.

MARK ANDREW CHRISTENSEN,
        *Defendant-Appellant.*

No. 08-30120

D.C. No.
1:06-cr-00085-RFC

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

  v.

MARK ANDREW CHRISTENSEN,
        *Defendant-Appellant.*

No. 08-30121

D.C. No.
1:07-cr-00101-RFC

OPINION

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

Argued and Submitted
February 3, 2009—Portland, Oregon

Filed March 24, 2010

Before: Richard A. Paez and Johnnie B. Rawlinson,
Circuit Judges, and Bruce S. Jenkins,* District Judge.

Opinion by Judge Paez

*The Honorable Bruce S. Jenkins, Senior United States District Judge
for the District of Utah, sitting by designation.

## COUNSEL

Kelly J. Varnes, Billings, Montana, for defendant-appellant Mark Andrew Christensen.

Leif M. Johnson, Billings, Montana, for plaintiff-appellee United States of America.

## OPINION

PAEZ, Circuit Judge:

Appellant Mark Andrew Christensen (Christensen) was convicted and sentenced to 210 months' imprisonment for enticement of a minor to engage in sexual activity and obstruction of justice for failing to appear at trial. On appeal, Christensen initially asserted that the district court erred in applying a two-level enhancement under United States Sentencing Guidelines (U.S.S.G.) § 2G1.3(b)(2)(B) (2005) for unduly influencing a minor to engage in prohibited sexual conduct. Christensen relied on precedent from the Sixth and Seventh Circuits to argue that the enhancement should not apply where the "minor" is actually an undercover officer posing as a minor. *See United States v. Chriswell*, 401 F.3d 459, 469 (6th Cir. 2005); *United States v. Mitchell*, 353 F.3d

552, 562 (7th Cir. 2003). In doing so, he argued that we should reject the contrary view of the Eleventh Circuit in *United States v. Vance*, 494 F.3d 985, 996 (11th Cir. 2007).

After the case was submitted, the United States Sentencing Commission (the "Commission") amended the Commentary to § 2G1.3(b)(2)(B) such that it now precisely reflects Christensen's argument: namely, that § 2G1.3(b)(2)(B)'s enhancement should not be applied where the "minor" is actually an undercover officer. Christensen argues that this amendment to the Guidelines should be applied retroactively to his sentencing, and that we should thus find that the district court erred in applying the two-level enhancement. He also challenges the district court's failure to comply with Application Note 3 to U.S.S.G. § 2J1.6 in determining the Guidelines range for the multiple counts of conviction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and because we agree that the amendment to § 2G1.3(b)(2)(B) should apply retroactively to Christensen's sentencing, we reverse and remand for resentencing.

## I.  BACKGROUND

Between January and June, 2006, using the screenname "hornyguy59405," Christensen participated in several online instant messaging chats with an individual posing as a female under the age of sixteen. That individual was actually Special Agent Dan Vierthaler (Vierthaler) of the Billings, Montana Office of the Federal Bureau of Investigation (FBI).[1]

During these online conversations, Christensen expressed the desire to have sex with the fictitious minor. On at least two occasions, Christensen sent her several photographs, including images of an adult male's penis. Christensen also expressed interest in having sex with the fictitious minor's

---

[1]We refer to this individual as the "fictitious minor" and use the female pronoun.

friend, whom he also understood to be a female under the age of sixteen.

Christensen informed the fictitious minor that he had a truck in which she could listen to music and asked if she would be willing to have sex with him there. He also offered her money to have sex with him, and more money if she found someone her age in the Great Falls area to have sex with him as well.

Christensen subsequently contacted the fictitious minor to arrange a meeting to have sex. When Christensen arrived to meet the fictitious minor, he was arrested by law enforcement agents. Christensen subsequently confirmed that "horny-guy59405" was his screenname, and admitted traveling from Great Falls to Billings to have sex with the fictitious minor. Christensen was indicted for coercion and enticement of an individual under the age of eighteen to engage in sexual activity in violation of 18 U.S.C. § 2422(b). Christensen was also indicted for failing to appear for trial, in violation of 18 U.S.C. § 3146. Investigation revealed that Christensen had left Montana with a trailer that he bought several weeks before the scheduled trial.

Christensen pled guilty to both charges. The court sentenced Christensen to 186 months' imprisonment on the enticement count, and 24 months' consecutive imprisonment on the failure to appear count, totaling 210 months' imprisonment. Christensen timely appealed his sentence.

## II. STANDARD OF REVIEW

We review the district court's interpretation of the Sentencing Guidelines *de novo*, the district court's factual determinations for clear error, and the district court's applications of the Guidelines to the facts for abuse of discretion. *United States v. Gomez-Leon*, 545 F.3d 777, 782 (9th Cir. 2008).

## III.  DISCUSSION

### A.  Application of U.S.S.G. § 2G1.3(b)(2)(B)

In determining the advisory Sentencing Guidelines range for Christensen's offenses, the district court applied the two-level enhancement under U.S.S.G. § 2G1.3(b)(2)(B) (2005) for unduly influencing a minor to engage in prohibited sexual conduct. That provision provides for such an enhancement where "a participant otherwise unduly influenced a minor to engage in prohibited sexual conduct." Christensen asserts on appeal, as he did during sentencing, that the enhancement was inapplicable because the fictitious minor was actually an undercover officer, not a minor. Christensen reasons that he could not have unduly influenced a minor because there was never a minor participating in the online conversations.

To support that argument, Christensen initially relied on favorable case law from the Sixth and Seventh Circuits. *See Chriswell*, 401 F.3d at 469; *Mitchell*, 353 F.3d at 562. The government, on the other hand, asserted that the Eleventh Circuit's approach to the issue in *Vance* should control. 494 F.3d at 996 (concluding that "[t]he fact that the minors actually were fictitious does not change the applicability of the two-level enhancement pursuant to § 2G1.3(b)(2)(B)").

After we submitted the case, the United States Sentencing Commission amended the Commentary to § 2G1.3(b)(2)(B) such that it now precisely mirrors Christensen's argument: namely, that § 2G1.3(b)(2)(B)'s sentencing enhancement should not be applied where the "minor" is actually an undercover officer. *See* § 2G1.3(b)(2)(B) cmt. n.3(B) (2009). Accordingly, we ordered supplemental briefing on the issue of whether this amendment to the Guidelines should be applied retroactively to Christensen's sentencing. The government's supplemental brief conceded that the amendment should apply retroactively, and we agree.

**[1]** In the 2005 edition of the Guidelines—which the district court relied upon in calculating Christensen's sentencing range—Application Note 1 to § 2G1.3(b)(2)(B) defined "minor" as:

> (A) an individual who had not attained the age of 18 years; (B) an individual, whether fictitious or not, who a law enforcement officer represented to a participant (i) had not attained the age of 18 years, and (ii) could be provided for the purposes of engaging in sexually explicit conduct; or (C) an undercover law enforcement officer who represented to a participant that the officer had not attained the age of 18 years.

*Id.* cmt. n.1 (2005).

Application Note 3 of that same section provided that:

> *(B) Undue Influence.*—In determining whether subsection (b)(2)(B) applies, the court should closely consider the facts of the case to determine whether a participant's influence over the minor compromised the voluntariness of the minor's behavior.
>
> In a case in which a participant is at least 10 years older than the minor, there shall be a rebuttable presumption, for purposes of subsection (b)(2)(B), that such participant unduly influenced the minor to engage in prohibited sexual conduct. In such a case, some degree of influence can be presumed because of the substantial difference in age between the participant and the minor.

*Id.* cmt. n.3(B) (2005). In his opening brief on appeal, Christensen argued that, when those application notes are read in concert, there is latent ambiguity whether the "undue influence" sentencing enhancement should apply where the only

"minor" involved in the offense is an undercover law enforcement officer. Fortuitously, during the pendency of this appeal, the Commission resolved that ambiguity in the latest revisions to the Guidelines. Amendment 732 to the Sentencing Guidelines, U.S.S.G. Manual supp. app. C (2009), which became effective November 1, 2009, added the following critical language to the Commentary: "However, subsection (b)(2)(B) does not apply in a case in which the only 'minor' (as defined in Application Note 1) involved in the offense is an undercover law enforcement officer." *Id.* cmt. n.3(B) (2009). Under that provision, had Christensen been sentenced after November 1, 2009, the district court's application of the two-step enhancement would clearly have been in error. But, because amendments to the Guidelines are not automatically applied retroactively, *United States v. Sanders*, 67 F.3d 855, 856 (9th Cir. 1995), the dispositive issue presented is whether the amended Commentary to § 2G1.3(b)(2)(B) should apply to Christensen's 2005 sentencing.

In order for amendments to the Guidelines to apply retroactively, certain criteria must be met. Generally, "we may consider [a subsequent amendment] of the Sentencing Guidelines only if that amendment is a clarification of existing law rather than a substantive change in the law." *United States v. Morgan*, 376 F.3d 1002, 1010 (9th Cir. 2004). *See also Sanders*, 67 F.3d at 856 ("The Ninth Circuit has consistently stated that when an amendment is a clarification, rather than an alteration, of existing law, then it should be used in interpreting the provision in question retroactively."); U.S.S.G. § 1B1.11(b)(2) (2009) (providing that "if a court applies an earlier edition of the Guidelines Manual, the court shall consider subsequent amendments, to the extent that such amendments are clarifying rather than substantive changes").

**[2]** Under *Morgan*, three "prominent" factors we consider in determining whether an amendment to the Guidelines should be applied retroactively are: (1) whether the amendment is included on a list of retroactive amendments in

U.S.S.G. § 1B1.10(c); (2) whether the Commission characterized the amendment as a clarification; and (3) whether the amendment resolves a circuit conflict. *Morgan*, 376 F.3d at 1011. Amendment 732 is not listed as a retroactive amendment under § 1B1.10(c). Nor did the Commission describe Amendment 732 as a clarification. It did, however, state that Amendment 732 was intended to resolve a circuit conflict. In a similar context, we recently held that where an amendment "was made for the express purpose of resolving a conflict among the circuits that resulted from reasonable though differing interpretations of the Guideline[s]," retroactive application is appropriate. *United States v. Van Alstyne*, 584 F.3d 803, 818 (9th Cir. 2009).

The Commission's "Reason for Amendment," published in the supplement to Appendix C of the Guidelines, specifically states that the amendment "addresses a circuit conflict regarding application of the undue influence enhancement." U.S.S.G. Supp. to app. C, amend. 732 at 322 (2009). The Commission proceeds to note that "[t]hree circuits have expressed different views" on the matter. *Id.* at 323. Indeed, there is a decisive split between the three circuits to have addressed whether the enhancement applies in these circumstances (under § 2G1.3(b)(2)(B) and its virtually identical predecessor, U.S.S.G. § 2A3.2(b)(2)(B)[2]). *Id.*

**[3]** As noted above, the Sixth Circuit has held that

---

[2]Section 2A3.2(b)(2)(B) applies to offenses under 18 U.S.C. § 2243(b) that involve statutory rape, whereas § 2G1.3(b)(2)(B) applies to offenses involving minors, where—among other matters—a participant induces or entices a minor to engage in prohibited sexual conduct as defined in § 2A3.1 cmt. n.1. As with § 2G1.3, the application notes to § 2A3.2(b)(2)(B) instructed courts to "closely consider the facts of the case to determine whether a participant's influence over the minor compromised the voluntariness of the minor's behavior." *See* U.S.S.G. § 2A3.2 cmt. n.4 (2003). There is a rebuttable presumption that a minor was unduly influenced when the participant is at least 10 years older than the minor. *See id.*

§ 2A3.2(b)(2)(B), "is not applicable where the victim is an undercover agent representing himself to be a child under the age of sixteen." *Chriswell*, 401 F.3d at 469. Also with respect to § 2A3.2(b)(2)(B), the Seventh Circuit has held that "[w]here the state of mind of the victim is critical, and perhaps dispositive, [the enhancement] simply cannot apply in the case where the victim has no state of mind whatsoever because she does not exist." *Mitchell*, 353 F.3d at 562. On the other hand, the Eleventh Circuit—the only circuit to have dealt squarely with § 2G1.3(b)(2)(B)—concluded that "[t]he fact that the minors actually were fictitious does not change the applicability of the two-level enhancement pursuant to § 2G1.3(b)(2)(B)." *Vance*, 494 F.3d at 996. Noting these divergent views, the Commission states that Amendment 732:

> resolves [this] issue by providing in the Commentary to §§ 2A3.2 and 2G1.3 that the undue influence enhancement does not apply in a case in which the only "minor" involved in the offense is an undercover law enforcement officer. The Commission determined that the undue influence enhancement should not apply in a case involving only an undercover law enforcement officer because, unlike other enhancements in the sex offense guidelines, the undue influence enhancement is properly focused on the effect of the defendant's actions on the minor's behavior.

U.S.S.G. Supp. to app. C, amend. 732 at 323 (2009). The Commission's explanation thus makes clear its intent to resolve an ongoing circuit dispute. Thus, under *Morgan* and *Van Alstyne*, we hold that in light of the circumstances of Christensen's case, U.S.S.G. § 2G1.3(b)(2)(B) cannot be applied to enhance his sentence. We therefore reverse Christensen's sentence and remand for resentencing.[3]

---

[3]In light of this disposition, we need not address Christensen's additional argument that the district court failed to comply with Application Note 3 to U.S.S.G. § 2J1.6 in determining the Guidelines range for the multiple counts of conviction.

## IV.  CONCLUSION

In light of the amended language of the Commentary to § 2G1.3(b)(2)(B), applicable retroactively as a clarification of the law, the district court erred in applying the "undue influence" enhancement to Christensen's sentence.

**REVERSED and REMANDED.**