**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50370 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-04304-BEN-1 |
| v. | |
| ADRIAN ZITLALPOPOCA-HERNANDEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted October 9, 2012
Pasadena, California

Before: PREGERSON and W. FLETCHER, Circuit Judges, and BENNETT,
District Judge.[**]

Adrian Zitlalpopoca-Hernandez ("Zitlalpopoca"), a Mexican citizen, was

charged and convicted of ten crimes relating to the sex trafficking of two Mexican

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Mark W. Bennett, District Judge for the U.S. District
Court for Northern Iowa, sitting by designation.

women, Anabel and Florencia: sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. § 1591(a) (Counts 1 and 2); persuasion or coercion to travel in foreign commerce for prostitution in violation of 18 U.S.C. § 2422(a) (Counts 3 and 4); harboring aliens for purposes of prostitution in violation of 8 U.S.C. § 1328 (Counts 5 and 6); bringing illegal aliens into the United States for financial gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) (Counts 7 and 8); and harboring illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) (Counts 9 and 10).

Zitlalpopoca appeals his convictions under § 1591 relating to Anabel and Florencia (Counts 1 and 2), and his conviction under § 2422 relating to Florencia (Count 4). He also appeals the district court's restitution award under § 1591. As well as the district court's application of a vulnerable victim enhancement in determining Zitlalpopoca's concurrent sentences of 292 months under Counts 1 and 2 for violating § 1591.

We have jurisdiction under 28 U.S.C. § 1291. The parties are familiar with the facts of this case, which we repeat here only to the extent necessary to explain our decision. We reverse Zitlalpopoca's convictions under Counts 1, 2, and 4 (the only counts on appeal). We remand to the district court for resentencing of the remaining counts of convictions (Counts 3, 5, 6, 7, 8, 9, and 10).

2

Zitlalpopoca correctly argues that there is insufficient evidence to support his convictions under Counts 1, 2, and 4. We review de novo the sufficiency of the evidence to support the convictions. *United States v. Sullivan*, 522 F.3d 967, 974 (9th Cir. 2008). Sufficient evidence supports a conviction if, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

With respect to Counts 1 and 2, § 1591(a)(1) imposes punishment on, *inter alia*, anyone who "knowingly in or affecting interstate or foreign commerce . . . recruits, entices, harbors, transports, provides, or obtains by any means a person . . . knowing that force, fraud, or coercion . . . will be used to cause the person to engage in a commercial sex act." 18 U.S.C. §1591 (a) (2006) (amended Dec. 2008).

Count 1 charged Zitlalpopoca with sex trafficking in interstate commerce by force, fraud, or coercion from April 1, 2008 to November 20, 2008 (Anabel). Count 2 charged Zitlalpopoca with sex trafficking in interstate commerce by force, fraud, or coercion from July 1, 2008 to November 20, 2008 (Florencia). These dates in the indictment encompassed Zitlalpopoca's conduct in the United States from Anabel's and Florencia's respective arrivals through his arrest.

3

The government argues that the requisite knowledge under § 1591 may apply to acts of force, fraud, or coercion that took place before the time period alleged in the indictment. The government is mistaken.

We have interpreted the knowledge required under § 1591 to mean that "the defendant know[s] in the sense of being aware of an established modus operandi that *will in the future cause* a person to engage in prostitution." *United States v. Todd,* 627 F.3d 329, 334 (9th Cir. 2010) (emphasis added). Specifically, "if things go as [the defendant] has planned, force, fraud or coercion will be employed to cause his victim to engage in a commercial sex transaction." *Id.* at 334. The knowledge requirement encompasses a finding that the offense was subsequently "effected by force, fraud, or coercion." 18 U.S.C. § 1591(b)(1); *Todd*, 627 F.3d at 334-35.

There was insufficient evidence for the jury to find beyond a reasonable doubt that during the time periods alleged in the indictment, Zitlalpopoca knowingly recruited, enticed, harbored, transported, provided or obtained Anabel and Florencia, knowing that force, fraud, or coercion would be used to cause Anabel and Florencia to engage in prostitution. 18 U.S.C. § 1591(a). The government conceded as much in its brief by arguing that sufficient evidence to support Counts 1 and 2 may be found by looking at Zitlalpopoca's pre-indictment

4

conduct in Mexico, rather than Zitlalpopoca's conduct in the United States. In Mexico, Zitlalpopoca physically assaulted the women on numerous occasions. There was no evidence Zitlalpopoca assaulted the women in the United States. Furthermore, the government conceded at oral argument that there was no evidence that Zitlalpopoca coerced Florencia in the United States to support Count 2.

We therefore reverse Zitlalpopoca's convictions for Counts 1 and 2 under § 1591. Because we reverse Zitlalpopoca's convictions under § 1591, Zitlalpopoca's challenge to the restitution award under § 1591 is moot.

The evidence was also insufficient to support Zitlalpopoca's conviction under Count 4. Under 18 U.S.C § 2422(a) (2006), a defendant is guilty if he "knowingly persuades, induces, entices, or coerces any individual to travel in interstate or foreign commerce . . . to engage in prostitution." The evidence at trial demonstrated that it was Florencia who persuaded Zitlalpopoca to bring her to the United States, not the other way around. *Contra United States v. Rashkovski*, 301 F.3d 1133, 1135 (9th Cir. 2002) (sufficient evidence supported § 2422(a) conviction where defendant traveled to Russia, held recruiting meetings to promote prostitution in the United States, and arranged and paid for Russian women to travel to the United States to work as prostitutes). Thus, we reverse Count 4.

5

Where, as here, "a defendant is sentenced on multiple counts and one of them is later vacated on appeal, the sentencing package comes 'unbundled.'" *United States v. Ruiz-Alvarez*, 211 F.3d 1181, 1184 (9th Cir. 2000). "The district court then has the authority 'to put together a new [sentencing] package'" for the remaining convictions. *Id.* (citation omitted). Given that we have reversed Counts 1, 2, and 4, we remand Counts 3, 5, 6, 7, 8, 9, and 10 for resentencing.

We do not reach Zitlalpopoca's argument that the district court erred by applying a vulnerable victim enhancement at sentencing because the evidence failed to show that Zitlalpopoca was more blameworthy than other § 1591 offenders. Because we have reversed the § 1591 convictions and have remanded for resentencing, Zitlalpopoca's challenge to his sentence is moot.

We REVERSE Zitlalpopoca's convictions under Counts 1, 2, and 4 of his indictment and REMAND Counts 3, 5, 6, 7, 8, 9, and 10 for resentencing accordingly.