NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 28 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 13-50551, 14-50180 |
| Plaintiff-Appellee, | D.C. No. 3:08-cr-04304-BEN-1 |
| v. | |
| ADRIAN ZITLALPOPOCA-HERNANDEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted November 2, 2015
Pasadena, California

Before: W. FLETCHER and GOULD, Circuit Judges, and CHRISTENSEN,[**] Chief District Judge.

Adrian Zitlalpopoca-Hernandez ("Zitlalpopoca") appeals the district court's

sentence on remand of 262 months and order of restitution of $8,960. A jury

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Dana L. Christensen, Chief District Judge for the U.S. District Court for the District of Montana, sitting by designation.

convicted Zitlalpopoca, a Mexican citizen, of ten counts of prostitution involving the sex trafficking of two women.  This Court reversed three of those counts and remanded the remaining seven for resentencing.  *United States v. Zitlalpopoca-Hernandez*, 495 F. App'x. 833, 836 (9th Cir. 2012) (unpublished).  Zitlalpopoca argues on appeal from resentencing that the district court incorrectly applied multiple provisions of the United States Sentencing Guidelines, namely: (1) the U.S.S.G § 2G1.1(c)(1) cross reference, which increased his base offense level from 14 to 30; (2) the four-level aggravated sexual abuse enhancement under 18 U.S.C. § 2241; and (3) the two-level vulnerable victim enhancement under U.S.S.G § 3A1.1(b).  Zitlalpopoca further contends that the district court erred in ordering restitution.  We have jurisdiction under 28 U.S.C. § 1291 and vacate the sentence and restitution order and remand for resentencing.

We review "the district court's interpretation of the Sentencing Guidelines de novo, the district court's factual determinations for clear error, and the district court's applications of the Guidelines to the facts for abuse of discretion."  *United States v. Christensen*, 598 F.3d 1201, 1203 (9th Cir. 2010).  Further, we review the legality of the restitution order de novo.  *United States v. Bussell*, 414 F.3d 1048, 1061 (9th Cir. 2005).

First, the district court erred in applying U.S.S.G § 2G1.1(c)(1). This cross reference to U.S.S.G § 2A3.1 imposes a base offense level of 30 if the underlying offense involved conduct described in 18 U.S.C. § 2242(a) (knowingly causing another person to engage in a sexual act by threatening or placing that other person in fear). The application of this enhancement by the district court increased Zitlalpopoca's base offense level by 16 levels, from 14 to 30, and raised the final Guideline range from 46–57 months to 262–327 months, a five-fold increase. As a result of this disproportionate effect on Zitlalpopoca's sentence, the district court was required to find clear and convincing evidence to support this enhancement. *United States v. Gonzalez*, 492 F.3d 1031, 1039 (9th Cir. 2007) (describing factors in assessing whether the clear and convincing standard applies).

The evidence presented at trial showed that Anabel, one of the women Zitlalpopoca persuaded to travel to the United States to work as a prostitute, did express fear of him at times. However, that fear was not shown by clear and convincing evidence to have induced her to engage in prostitution. The district court thus erred in applying U.S.S.G § 2G1.1(c)(1).

The district court also erred by applying the four-level aggravated sexual abuse enhancement under 18 U.S.C. § 2241. Application of this enhancement is warranted when someone "knowingly causes another person to engage in a sexual

act: (1) by using force against that other person; or (2) by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping." 18 U.S.C. § 2241(a). Though there was evidence that Zitlalpopoca committed violence against the women he persuaded to engage in prostitution, the evidence did not show that he caused them to do so with force or threats of serious bodily harm. The district court incorrectly applied this enhancement.

The district court's application of the vulnerable victim enhancement under U.S.S.G § 3A1.1(b) was also error. This enhancement is applied if "the district court identifies a specific factor (or factors) that made the victim uniquely vulnerable as compared to the typical victim of the offense." *United States v. Nielsen*, 694 F.3d 1032, 1037 (9th Cir. 2012). Examples of this include individuals who are "unusually vulnerable due to age, physical or mental condition, or who [are] otherwise particularly susceptible to the criminal conduct." U.S.S.G. § 3A1.1, cmt. n. 2.

Here, the district court applied the enhancement because Zitlalpopoca controlled Anabel through psychological manipulation. Zitlalpopoca promised Anabel that they would be married one day and used this promise to coerce her

into a life of prostitution. However, the comments to the Guidelines suggest that the enhancement applies only where the perpetrator exploits a victim's preexisting vulnerability. *See* U.S.S.G. § 3A1.1, cmt. n. 2 (enhancement applies "in a fraud case in which the defendant marketed an ineffective cancer cure or in a robbery in which defendant selected a handicapped victim"). Here, there was no evidence that Anabel was more predisposed to psychological manipulation than any other victim of prostitution. Application of the vulnerable victim enhancement was error.

Lastly, the district court incorrectly ordered mandatory restitution pursuant to 18 U.S.C. § 3663A(c)(1). The district court found that it was empowered to order restitution under either § 3663A(c)(1)(A) (as "a crime of violence") or § 3663A(c)(1)(B) (as "a pecuniary loss"). However, a plain reading of this statute requires a dual finding that the underlying offense was a crime of violence *and* that the victim suffered a pecuniary loss. 18 U.S.C. § 3663A(c)(1). The district court thus erred because Zitlalpopoca's underlying offense, 18 U.S.C. § 2422 (persuasion or coercion to travel in foreign commerce for prostitution), is not technically "a crime of violence." 18 U.S.C. § 3663A(c)(1)(A)(i).

Notwithstanding this error, we do not foreclose the possibility that restitution may be awarded as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). However, if restitution is awarded as a condition of supervised

release, the district court must consider certain factors under 18 U.S.C. § 3553 in deciding whether to impose a term of supervised release. 18 U.S.C. § 3583(c) (providing that courts "shall consider the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)" when "determining the length of the term and conditions of supervised release"). The district court's restitution order is thus reversed and remanded for further consideration.

**REVERSED AND REMANDED FOR RESENTENCING**