**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

DEC 2 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.15-10353 |
| Plaintiff - Appellee, | D.C. No. 5:12-CR-00888-EJD |
| v. | |
| JOHN GERINGER, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted November 14, 2016
San Francisco, California

Before: REINHARDT and OWENS, Circuit Judges, and MENDOZA,** District Judge.

John Geringer pleaded guilty to mail and securities fraud charges based on his management of an investment fund. Geringer appeals his 145-month sentence and $50.3 million restitution and forfeiture orders. Because the district court

---

*This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**The Honorable Salvador Mendoza, Jr., District Judge for the U.S. District Court for the Eastern District of Washington, sitting by designation.

improperly calculated the loss caused by Geringer's fraud for the purpose of sentencing, we vacate Geringer's sentence and the district court's orders for restitution and forfeiture, and we remand for resentencing and reconsideration of the amounts Geringer owes in restitution and forfeiture.

The Government argues that Geringer waived the right to appeal his sentence. We review de novo the validity of an appeal waiver. *United States v. Medina-Carrasco*, 815 F.3d 457, 461 (9th Cir. 2015). In the plea agreement, Geringer expressly waived his right to appeal his sentence. But at the conclusion of Geringer's sentencing hearing, the district court stated: "Mr. Geringer, you do have the right to appeal and your plea agreement indicates that right and your appeal must be filed within 14 days of today's date." The government did not object. Because a district court's unambiguous statement that a defendant has the right to appeal controls over inconsistent plea-agreement terms, *United States v. Buchanan*, 59 F.3d 914, 917 (9th Cir. 1995), Geringer's right to appeal his sentence was preserved.

Geringer argues that the district court improperly refused to consider the value of the investment fund's remaining assets for the purpose of calculating loss under Sentencing Guideline Section 2B1.1. We review a district court's

2

interpretation of the Sentencing Guidelines, including the method of calculating loss, de novo. *United States v. Christensen*, 828 F.3d 763, 815 (9th Cir. 2015); *United States v. Santos*, 527 F.3d 1003, 1006 (9th Cir. 2008). "A calculation of the amount of loss is a factual finding reviewed for clear error." *United States v. Stargell*, 738 F.3d 1018, 1024 (9th Cir. 2013) (quoting *United States v. Garro*, 517 F.3d 1163, 1167 (9th Cir. 2008)). The district court, without making specific factual findings, rejected Geringer's request to reduce the amount of loss by the value of the fund's assets. The court concluded that "those sums . . . are more appropriately placed and legally placed in the restitution column . . . . I don't think they legally apply to the current state of the case." This is incorrect. A victim's loss should be offset by the victim's benefit for the purpose of calculating loss under the Sentencing Guidelines. *See United States v. W. Coast Aluminum Heat Treating Co.*, 265 F.3d 986, 992 (9th Cir. 2001). Under this principle, the district court was obligated to determine the actual value, if any, of the fund, and to deduct that value from the amount of loss. *See United States v. Leonard*, 529 F.3d 83, 93 (9th Cir. 2008) (holding that the district court erred by failing to determine and deduct the actual value of securities received by fraud victims). The district court erred by failing to do so.

Because the district court may have relied on its improper calculation of loss under the Sentencing Guidelines in determining the amounts of forfeiture and restitution and because the court did not make independent findings to support those determinations, the district court must also reconsider its determinations of those amounts on remand.

Geringer also urges us to retroactively apply Amendment 791 to the Sentencing Guidelines, which became effective on November 1, 2015 and amends Section 2B1.1's loss table to account for inflation. U.S.S.G., App. C. Supp. at 102–10. This court "consider[s] three factors when assessing whether an amendment to the Guidelines applies retroactively: (1) whether the amendment is listed as a retroactive amendment in U.S.S.G. § 1B1.10(c); (2) whether the amendment is characterized as a clarification; and (3) whether the amendment resolves a circuit split." *United States v. Quintero-Leyva*, 823 F.3d 519, 522 (9th Cir. 2016) (citing *United States v. Christensen*, 598 F.3d 1201, 1205 (9th. Cir. 2010)). None of these factors support applying Amendment 791 retroactively here. The amendment is not listed under U.S.S.G. § 1B1.10(c), the Sentencing Commission expressly characterized the change as a "substantive amendment," U.S.S.G., App. C. Supp. at 10, and the amendment does not resolve any circuit split. Accordingly, the

4

revised loss tables do not apply retroactively in this case.

Finally, Geringer asks us to reassign this case to a different district court judge on remand. Because Geringer has not demonstrated that the "rare and extraordinary circumstances" necessary to justify reassignment are present here, we decline to do so. *See United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1118 (9th Cir. 2001).

Accordingly, we **VACATE** Geringer's sentence and the district court's orders for restitution and forfeiture, and **REMAND** to the district court for resentencing and orders of restitution and forfeiture consistent with this decision.

*United States v. Geringer*, No. 15-10353

OWENS, Circuit Judge, concurring:

    I concur with the understanding that on remand, the district court ultimately may impose the same sentence, restitution, and forfeiture so long as it provides a more robust explanation as to how it calculated these amounts.