**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



FILED

JUL 05 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EBRAHIM SHABUDIN,

Defendant-Appellant.

Nos. 15-10460
16-10075

D.C. No. 4:11-cv-00664-JSW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted April 20, 2017
San Francisco, California

Before: SCHROEDER and RAWLINSON, Circuit Judges, and STAFFORD,
District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

Ebrahim Shabudin, a former officer of United Commerical Bank ("UCB" or the "bank"), was convicted by a jury of seven offenses, including two conspiracies and five substantive offenses.[1] He appeals his conviction on the five substantive counts. He also appeals his ninety-seven-month sentence of imprisonment as well as the district court's forfeiture, restitution, and cash-bond-transfer orders. Because we write for the parties, we assume their familiarity with the underlying facts and recite only what is necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291, and we affirm Shabudin's conviction and sentence of imprisonment. We also affirm the district court's forfeiture order, but we vacate the district court's restitution and cash-bond-transfer orders.

1. Shabudin first contends that his convictions on the five substantive counts must be reversed because the district court's *Pinkerton* instruction misinformed the jury that it could convict Shabudin on all five substantive counts if his coconspirator committed one of those counts. Defense counsel objected to the *Pinkerton* instruction used at trial, albeit on different grounds. Plain error

_____

[1] The jury convicted Shabudin of (1) conspiracy to commit securities fraud, in violation of 18 U.S.C. § 1349; (2) securities fraud, in violation of 18 U.S.C. § 1348; (3) falsifying corporate books and records, in violation of 15 U.S.C. § 78m(b)(2)(A); (4) false statements to accountants at a publicly traded corporation, in violation of 15 U.S.C. § 78ff; (5) circumventing accounting controls, in violation of 15 U.S.C. § 78m(b)(2)(B); (6) conspiracy to falsify bank entries, reports, and transactions, in violation of 18 U.S.C. § 371; and (7) making false bank entries, reports, and transactions, in violation of 18 U.S.C. § 1005.

review thus applies. *United States v. Anderson*, 741 F.3d 938, 946 (9th Cir. 2013).

Assuming, for the sake of argument, that the *Pinkerton* instruction was plainly erroneous,[2] Shabudin has not shown that there is a "reasonable probability" that the jury's verdict would have been different had the erroneous *Pinkerton* instruction not been given. *United States v. Olano*, 507 U.S. 725, 736 (1993). Indeed, the evidence heard by the jury amply supported its finding that Shabudin was guilty of each of the substantive offenses, either as a principal or an aider/abettor.

2. Shabudin next challenges the district court's application of a twelve-level sentencing enhancement pursuant to U.S.S.G. § 2B1.1(b)(1) for the loss caused by Shabudin's fraud offenses.[3] "We review the district court's interpretation of the Sentencing Guidelines de novo, the district court's factual determinations for clear error, and the district court's applications of the Guidelines to the facts for abuse of discretion." *United States v. Christensen*, 598 F.3d 1201, 1203 (9th Cir. 2010).

The Guidelines define "loss" as "the greater of actual or intended loss." §

---

[2] In *United States v. Gallerani*, 68 F.3d 611, 619 (2d Cir. 1995), the Second Circuit determined that a *Pinkerton* instruction much like the one given to the jury in this case was plainly erroneous.

[3] Shabudin also challenges the district court's application of sentencing enhancements pursuant to U.S.S.G. §§ 2B1.1(b)(16)(B)(i) and 2B1.1(b)(2). We find no merit to these challenges.

2B1.1(b)(1), cmt. n. 3(A). The district court found, and we agree, that (1) there was no intended loss in this case; and (2) the actual loss attributable to Shabudin could not be reasonably determined.

Although the text of § 2B1.1(b)(1) says nothing about gain, the notes to the section provide that "[t]he court shall use the gain that resulted from the offense as an alternative measure of loss only if there is a loss but it reasonably cannot be determined." § 2B1.1(b)(1), cmt. n. 3(B). The district court applied a twelve-level enhancement pursuant to § 2B1.1(b)(1) based on its finding that Shabudin's $348,000 salary from September 2008 to September 2009 represented a gain resulting from Shabudin's fraud offenses. The district court opined, without explanation, that Shabudin "would not have received [that salary] but for his unlawful conduct." We affirm Shabudin's sentence because the district court did not commit clear error in using Shabudin's salary as an alternate measure of loss.

3. Pursuant to 18 U.S.C. § 981(a)(1)(C), the sentencing court must order forfeiture of all "proceeds traceable" to Shabudin's offenses. The term "proceeds" is defined in part as "property of any kind obtained directly or indirectly, as the result of the commission of the offense giving rise to forfeiture, and any profit traceable thereto, and is not limited to the net gain or profit realized from the offense." 18 U.S.C. § 982(a)(2)(A). We review the district court's factual findings

regarding forfeiture for clear error and its interpretation of federal forfeiture law de novo. *United States v. Alcaraz-Garcia*, 79 F.3d 769, 772 (9th Cir. 1996).

Having determined that the district court did not commit clear error in finding, for purposes of a § 2B1.1(b)(1) sentence enhancement, that Shabudin's salary represented a "gain" traceable to Shabudin's fraud, we likewise conclude that the district court did not commit clear error in finding that Shabudin's final year's salary constituted proceeds traceable to his offenses under 18 U.S.C. §§ 981(a)(1)(C). We thus affirm the district court's forfeiture order.

4. The district court ordered Shabudin to pay restitution to the Federal Deposit Insurance Corporation ("FDIC") and the Trouble Asset Relief Program ("TARP") under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, in the amount of $946,737,000. Shabudin challenges the district court's restitution award, arguing that the government did not prove that the offense conduct caused the bank's failure, such failure having in turn caused the losses to the FDIC and TARP. We review "the legality of a restitution order de novo and the factual findings supporting the order for clear error." *United States v. Luis*, 765 F.3d 1061, 1065 (9th Cir. 2014).

The MVRA requires the district court to "order restitution to each victim in the full amount of each victim's losses as determined by the court." 18 U.S.C. §

3664(f)(1)(A). Restitution under the MVRA "may be awarded only for losses for which the defendant's conduct was an actual *and* proximate cause." *United States v. Swor*, 728 F.3d 971, 974 (9th Cir. 2013) (internal citations omitted).

When seeking restitution, the government bears the burden of proving by a preponderance of the evidence that a victim's loss was caused by the defendant's offense conduct. *United States v. Peterson*, 538 F.3d 1064, 1074–75 (9th Cir. 2008); § 3664(e). The government must show "not only that a particular loss would not have occurred but for the conduct underlying the offense of conviction, but also that the causal nexus between the conduct and the loss is not too attenuated (either factually or temporally)."[4] *Swor*, 728 F.3d at 974. A defendant should not be required to pay restitution for losses that he did not cause; nor should he be liable "for an amount drastically out of proportion to his own individual causal relation to the victim's losses." *Paroline v. United States*, 134 S. Ct. 1710, 1729 (2014); *see also* S. Rep. No. 104–179, at 19 1996 U.S.C.C.A..N. 924, 932 ("Losses . . . in which the victim's loss is not clearly causally linked to the offense, should not be subject to mandatory restitution.").

In this case, the evidence established, and the district court recognized, that

---

[4] The government in this case did not establish that the bank's failure—and the resulting losses to the FDIC and TARP—"would not have occurred but for the conduct underlying the offense of conviction." *Swor*, 728 F.3d at 974.

there were multiple causes for UCB's failure. The district court stated in its restitution order that "[t]he market conditions contributed to the demise of UCB and were 'another cause' of the harm to the victims, together with Defendant's crimes." At sentencing, the district court stated: "Although the defendant's actions were material to the enormous financial loss in this case, the court finds that the portion of that loss that can be directly attributable to the defendant individually cannot reasonably be determined" because "other factors also contributed to [the loss]." In Shabudin's PSR, the probation officer noted:

> UCB's failure was a result of not only the criminal conduct in this case, but of the overall financial crisis that caused significant damage not only to UCB, but the entire banking industry; and as a result of loans that were in place and deteriorating before [Shabudin] took over the role as CCO. Additionally, UCB's aggressive growth through bad real estate loans contributed to this downfall, and many of the bad loans were increased . . . before Shabudin took on the role of CCO. As a result, this officer does not believe that the magnitude of the loss was reasonably foreseeable by [Shabudin].

Thomas Killian, who was hired "to engineer a corporate transaction to recapitalize and possibly save [the bank]," explained that "increasing third quarter losses [and] additional asset quality problems" were among the "many factors" contributing to his inability to save the bank.

Although the evidence clearly established that Shabudin's offense conduct did not alone cause UCB's failure, the district court nonetheless ordered Shabudin

to pay restitution in the full amount of the losses to the FDIC and TARP, to the tune of nearly a billion dollars. We find this result at odds not only with the evidence but also with the Supreme Court's *Paroline* decision. We accordingly vacate the district court's order of restitution. On remand, consistent with *Paroline*, the district should "assess as best it can from available evidence the significance of the individual defendant's conduct in light of the broader causal process that produced the victim's losses." 134 S. Ct. at 1727–28. If such assessment proves difficult, if not impossible, the district court should consider whether the MVRA's "complexity exception" is applicable. That exception permits a sentencing court to decline to award restitution to a victim of fraud "if the court finds, from facts on the record, that . . . determining complex issues of fact related to the cause . . . of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process." § 3663A(c)(3)(B).

5. Shabudin challenges the district court's post-judgment order granting the government's motion to have Shabudin's cash appearance bond applied toward his criminal monetary obligations. We vacate the district court's bond transfer order and remand for the district court to reconsider the government's motion for bond transfer once the matter of restitution is resolved.

Shabudin's conviction is **AFFIRMED**. The district court's forfeiture order is **AFFIRMED**. The district court's restitution order is **VACATED**; and we **REMAND** for reconsideration of the appropriate amount, if any, of restitution. Shabudin's sentence is otherwise **AFFIRMED.** The district court's bond transfer order is **VACATED** and **REMANDED** for reconsideration once the matter of restitution, if any, is resolved.

Each party shall bear its own costs.

***U.S. v. Shabudin***, **Case Nos. 15-10460 and 16-10075**
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.