**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>ANTHONY MARK BOSCARINO, AKA<br>Anthony G, AKA Mark Boscarino, AKA<br>Mike Brown, AKA Anthony Mark Kokas,<br>AKA Mark Kokas,<br><br>Defendant-Appellant. | No.    15-10350<br><br>D.C. No. 4:10-cr-01942-CKJ-JR-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted August 28, 2017
Pasadena, California

Before: WARDLAW and BYBEE, Circuit Judges, and ILLSTON,[**] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Susan Illston, United States District Judge for the
Northern District of California, sitting by designation.

Anthony Boscarino appeals the sentence imposed on remand, after his convictions for wire fraud, money laundering, making a false statement, tax evasion, felon in possession of a firearm, and making a false statement in connection with the purchase of a firearm. We affirm.

1. The district court did not err in applying an obstruction of justice enhancement under U.S.S.G. § 3C1.1. "We review a district court's factual determinations under Section 3C1.1 for clear error, and a district court's characterization of a defendant's conduct as obstruction of justice within the meaning of Section 3C1.1 de novo." *United States v. Cordova Barajas*, 360 F.3d 1037, 1043 (9th Cir. 2004) (quoting *United States v. Shetty*, 130 F.3d 1324, 1333 (9th Cir. 1997) (internal alterations and quotation marks omitted)). The district court properly found Defendant's "cumulative conduct," including willfully making material false statements to the SEC while under oath, *see United States v. Castro-Ponce*, 770 F.3d 819, 822 (9th Cir. 2014), and witness intimidation, *see United States v. Dota*, 33 F.3d 1179, 1189-90 (9th Cir. 1994), supported the two-point enhancement for obstruction of justice.

2. The district court did not abuse its discretion in declining to depart or vary downward for substantial savings to the government under U.S.S.G. § 5K2.0. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). The record

demonstrates that the district court considered Defendant's motion for variance, and its decision not to vary downward was not unreasonable. *See United States v. Lichtenberg*, 631 F.3d 1021, 1024 (9th Cir. 2011).

3. The district court did not abuse its discretion in denying Defendant's motion for variance based on the not-yet-adopted amendment to U.S.S.G. § 2B1.1(b)(2). *See United States v. Ruiz-Apolonio*, 657 F.3d 907, 917-18 (9th Cir. 2011). Even if the district court had applied the proposed amendment, the court did not clearly err in its alternative finding that the offense resulted in substantial financial hardship to 25 or more victims. *See United States v. Christensen*, 598 F.3d 1201, 1203 (9th Cir. 2010) (holding that we review factual determinations for clear error). Nor did the district court clearly err in applying the six-level enhancement, rather than the two-level enhancement for mass-marketing.

4. Defendant stipulated that he would not contest the district court's Final Order of Forfeiture of seized assets, waiving his right to contest the asset seizure in this appeal. But even if we were to find that Defendant forfeited rather than waived this right and therefore review this issue for plain error, *United States v. Laurienti*, 611 F.3d 530, 543 (9th Cir. 2010), he would not be entitled to relief. Defendant has offered no evidence or made any allegation that the government

seized specific untainted assets prior to his change of plea. The district court

therefore committed no error, let alone one that was plain.

**AFFIRMED**.