MEMORANDUM ** Appellant challenges his 200-month sentence for Aiding and Abetting Persuasion or Coercion to Travel to Engage in Prostitution under 18 U.S.C. § 2422(a), Aiding and Abetting Harboring Aliens for Purposes of Prostitution under 8 U.S.C. § 1328, Aiding and Abetting Bringing Illegal Aliens into the United States for Financial Gain under 8 U.S.C. § 1324(a)(2)(B)(ii), and Aiding and Abetting Harboring Illegal Aliens under 8 U.S.C. § 1324(a)(l)(A)(iii). We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand for resentencing. Sentencing decisions are reviewed for abuse of discretion. United States v. Carty, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). When selecting a sentence, the sentencing court must determine the applicable Guidelines range, consider the factors in 18 U.S.C. § 3553(a), and explain its reasoning in detail sufficient to permit meaningful appellate review. Id. at 991-92. An explanation is sufficient if it “communicates that the parties’ arguments have been heard, and that a reasoned decision has been made.” Id. at 992. For outside-Guidelines sentences, the sentencing court must consider the extent of departure, and the persuasiveness of its reasoning must be proportionate to the variance. Id. at 991-92. We set aside a sentence only if it is procedurally erroneous or substantively unreasonable. Id. at 993. Procedural errors include mistakes in calculating the Guidelines range and failure to adequately explain the selected sentence. Id. Appellant first argues that the district court erred in calculating the Guidelines range for the period of supervised release following his prison sentence. Because this claim was not preserved below, 'we review for plain error. United States v. Ameline, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc). Because appellant will almost certainly be removed following his release, and because his period of supervised release will be waived on his removal, the term of supervised release will not affect his substantial rights. The plain error standard therefore has not been met, and we affirm that part of the sentence. Appellant also argues that the district court’s explanation for its sentence was procedurally deficient. The court erred by failing to adequately address the arguments raised in appellant’s sentencing memorandum. “[W]hen a party raises a specific, nonfrivolous argument tethered to a relevant § 3553(a) factor in support of a requested sentence, then the judge should normally explain why he accepts or rejects the party’s position.” Carty, 520 F.3d at 992-93. “[A] mere statement that the judge had read the papers is [not], by itself and automatically, sufficient as an explanation of the judge’s treatment of the § 3553(a) factors,” United States v. Trujillo, 713 F.3d 1003, 1010 (9th Cir. 2013). The district court failed to adequately address appellant’s argument, “tethered” to 18 U.S.C. § 3553(a)(6), that similarly situated defendants were given lighter sentences. We thus remand for the court to consider that argument and explain why it accepts or rejects the argument. Because we reverse and remand on procedural grounds, we do not reach the question of whether the sentence was substantively reasonable. See, e.g,, United States v. Grissom, 525 F.3d 691, 696 (9th Cir. 2008). Appellant has asked that his case be reassigned on remand. We reassign only in unusual circumstances, when the original judge would have substantial difficulty reevaluating its prior, erroneous views or findings, or when prudent to preserve the appearance of justice. Earp v. Cullen, 623 F.3d 1065, 1071 (9th Cir. 2010). While we acknowledge that this will be the third resentencing in this case, we do not believe that the standard for reassignment has been met, especially given that the sentencing judge has demonstrated a willingness to reevaluate and revise the sentence on remand. We thus remand to the original judge. VACATED AND REMANDED. xhls disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.