**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50004 |
| Plaintiff-Appellee, | D.C. No. 3:08-cr-04304-BEN-1 |
| v. | |
| ADRIAN ZITLALPOPOCA-HERNANDEZ | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted January 24, 2020
Pasadena, California

Before: CLIFTON and LEE, Circuit Judges, and BLOCK,** District Judge.

Adrian Zitlalpopoca-Hernandez ("Zitlalpopoca") challenges his sentence for

crimes relating to the sex trafficking of two young women. Now on his fourth

appeal, he argues that the district court engaged in numerous fatal errors. We have

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Frederic Block, United States District Judge for the
Eastern District of New York, sitting by designation.

jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

1.    Factual background: Because the general facts of this case are known to the parties and have been adequately explained in prior decisions, we will not discuss them here. *See United States v. Zitlalpopoca-Hernandez*, 495 F. App'x 833 (9th Cir. 2012); *United States v. Zitlalpopoca-Hernandez*, 632 F. App'x 335 (9th Cir. 2015); *United States v. Zitlalpopoca-Hernandez*, 709 F. App'x 428 (9th Cir. 2017).  Specific to this appeal, the district court sentenced Zitlalpopoca under 18 U.S.C. §§ 1328, 2422(a) and 8 U.S.C. §§ 1324(a)(1)(A)(iii), (a)(2)(B)(ii) to two 100-month consecutive sentences and fined him $250.

2.    Vindictive sentencing: The district court did not engage in vindictive sentencing at the fourth sentencing hearing.  Zitlalpopoca asserts that he preserved this argument below by filing a post-sentencing motion to correct sentence under Federal Rule of Criminal Procedure 35(a), triggering de novo review. *See United States v. Curtin*, 588 F.3d 993, 995–96 (9th Cir. 2009).  The government counters that we should review for plain error because Rule 35(a) does not preserve substantive claims. *See United States v. Allen*, 954 F.2d 1160, 1168 (6th Cir. 1992).  But the argument is ultimately irrelevant as we find that the district court committed

---

[1] We also deny Zitlalpopoca's motion to strike a portion of the government's brief, dkt. # 44.  We note that the government's response to Zitlalpopoca's motion was untimely because it was filed 49 days late in violation of Federal Rule of Appellate Procedure 27(a)(3)(A).

no error, plain or otherwise.

Zitlalpopoca contends that the sentence is presumptively vindictive under *North Carolina v. Pearce*, 395 U.S. 711, 725–26 (1969), because he received a harsher sentence on remand by way of the additional $250 fine. *See United States v. Rapal*, 146 F.3d 661, 663 (9th Cir. 1998). A presumption of vindictiveness may be rebutted by "objective information in the record justifying the increased sentence." *Id*. (quoting *Wasman v. United States*, 468 U.S. 559, 565 (1984)). This includes any new information presented to the court relating to pre-sentencing conduct. *See Texas v. McCullough*, 475 U.S. 134, 141–43 (1986). Here, the record shows that new information was introduced during Zitlalpopoca's fourth sentencing hearing, namely a victim impact statement and an admission by Zitlalpopoca that his family operated an extensive prostitution ring in Mexico. These considerations qualify as "objective information in the record" and are sufficient to rebut the *Pearce* presumption.

3.    Lack of objectivity: Zitlalpopoca's due process right to a fair trial was not tainted by a lack of objectivity on the part of the court. We review claims of judicial bias de novo, *Echavarria v. Filson*, 896 F.3d 1118, 1131 (9th Cir. 2018), and find none.

Zitlalpopoca argues that the district court harbored a fatal lack of objectivity in several ways. First, Zitlalpopoca claims that the procedural history of this case

3

created a constitutionally intolerable risk of bias, *see Echavarria*, 896 F.3d at 1129, because, he speculates, an "average judge" would have difficulty treating a defendant fairly after three consecutive reversals. We reject this claim. "Certainly it is not a rule of judicial administration that . . . a judge is disqualified from sitting in a retrial because he was reversed on earlier rulings." *Withrow v. Larkin*, 421 U.S. 35, 49 (1975) (quoting *N.L.R.B. v. Donnelly Garment Co.*, 330 U.S. 219, 236 (1947)). Even multiple reversals do not disqualify a judge for risk of bias or suffice to "overcome the 'presumption of honesty and integrity' that we accord to the determinations of a judge." *Crater v. Galaza*, 491 F.3d 1119, 1132 (9th Cir. 2007) (quoting *Withrow*, 421 U.S. at 47). Zitlalpopoca has not persuaded us that the district judge displayed bias or that the circumstances and facts of this case overcame the presumption of honesty and integrity.

Next, Zitlalpopoca asserts that the district court showed bias by comparing Zitlalpopoca to defendants convicted of more serious crimes. This might also be considered as a claim of procedural error by the district court, as might the claim of alleged bias arising from the court's erroneous belief that the victims engaged in prostitution as a result of force or fear. This claim relates to a court's alleged reliance on clearly erroneous facts at sentencing. *See United States v. Burgos-Ortega*, 777 F.3d 1047, 1056 (9th Cir. 2015). We conclude, however, that the findings of the district court were not clearly erroneous.

4

Finally, Zitlalpopoca argues that the district court lacked objectivity by expressing a deep-seated antagonism toward Zitlalpopoca in several ways. But the district court permissibly discounted the value of Zitlalpopoca's testimony relating to his rehabilitation, *see White Glove Building Maintenance, Inc. v. Brennan*, 518 F.2d 1271, 1274 (9th Cir. 1975), and did not become "embroiled" in the controversy, *see Mayberry v. Pennsylvania*, 400 U.S. 455, 465–66 (1971).

4.  Procedural error: The district court did not commit procedural error. This court reviews a district court's factual findings at sentencing for clear error and its application of the facts to the law for abuse of discretion. *See United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005).

The court did not abuse its discretion by its choice of comparator cases; 18 U.S.C. § 3553(a)(6) only requires that a court consider cases involving "similar conduct," as opposed to identical conduct or charges.[2] Furthermore, it was not an abuse of discretion to sentence Zitlalpopoca to two 100-month consecutive terms. *See* 18 U.S.C. § 3584; *see also Setser v. United States*, 566 U.S. 231, 236 (2012) (noting that judges "have long been understood to have discretion to select whether

---

[2] Zitlalpopoca asserts that comparator cases must involve identical conduct by the defendant, citing language from *United States v. Monroe*, 943 F.2d 1007, 1017 (9th Cir. 1991), *United States v. Banuelos-Rodriguez*, 215 F.3d 969, 978 (9th Cir. 2000) (en banc), and *United States v. Caperna*, 251 F.3d 827, 831 (9th Cir. 2001). But his reliance is misplaced. These cases queried whether a court may equalize sentences among co-defendants or co-conspirators who have been convicted of committing different offenses.

the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose"). Finally, the district court adequately explained its reasons for varying from the Guidelines.

5. <u>Substantive unreasonableness</u>: Zitlalpopoca's sentence is not substantively unreasonable. Claims of substantive unreasonableness are reviewed for an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The district court did not abuse its discretion by considering the victims' ages during the period of pre-indictment prostitution, or the severity of the violence Zitlalpopoca inflicted on them. *See* 18 U.S.C. § 3661.

**AFFIRMED.**