**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellant*,

v.

MARCO HERNANDEZ-LARA,
*Defendant-Appellee*.

No. 13-10637

D.C. No.
5:11-cr-00900-
EJD-1

OPINION

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted March 29, 2016[*]
Pasadena, California

Filed March 29, 2016

Before: Stephen Reinhardt, Ferdinand F. Fernandez,
and Richard R. Clifton, Circuit Judges.

Per Curiam Opinion

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Criminal Law

The panel affirmed a sentence for illegal reentry in a case in which the government challenged the district court's conclusion that the defendant's prior burglary conviction under California Penal Code § 459 did not qualify as a "crime of violence" as defined in 18 U.S.C. § 16(b).

Applying *Dimaya v. Lynch*, 803 F.3d 110 (9th Cir. 2015), the panel held that the definition of crime of violence that appears in § 16(b), as incorporated in U.S.S.G. § 2L1.2(b)(1)(C), is void for vagueness.

### COUNSEL

Merry Jean Chan, Assistant United States Attorney; Brian Stretch, Acting United States Attorney, and Barbara J. Valliere, Chief, Appellate Division, Assistant United States Attorney, United States Attorney's Office for the Northern District of California, San Francisco, California, for Plaintiff-Appellant.

Alfredo M. Morales, Law Offices of Morales & Leaños, San Jose, California, for Defendant-Appellee.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

PER CURIAM:

Appellant United States of America appeals the sentence imposed on appellee Marco Hernandez-Lara following his conviction for illegal reentry under 8 U.S.C. § 1326. Specifically, the government contends that the district court miscalculated the United States Sentencing Guidelines range applicable to Hernandez because the district court concluded that Hernandez's 2009 burglary conviction under California Penal Code § 459 did not qualify as a "crime of violence" as defined in 18 U.S.C. § 16(b). After the government filed its appeal, however, we held in a different context that the definition of a crime of violence that appears in § 16(b) is unconstitutionally vague. *See Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015). Because we are bound by *Dimaya*'s holding, and because the government offers the same arguments in favor of § 16(b)'s constitutionality that we rejected in that decision, we hold that § 16(b), as incorporated in U.S.S.G. § 2L1.2(b)(1)(C), is void for vagueness.

**1.** U.S.S.G. § 2L1.2(b)(1)(C) imposes an 8-level enhancement on a defendant convicted of illegal reentry if "the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for an aggravated felony." Section 2L1.2 defines "aggravated felony" by reference to 8 U.S.C. § 1101(a)(43), which includes numerous offenses. U.S.S.G. § 2L1.2, cmt. 3(A). One of these offenses is a "crime of violence (as defined in section 16 of Title 18 . . . )." 8 U.S.C. § 1101(a)(43)(F). Here, the government argued to the district court that Hernandez's burglary conviction qualified as a "crime of violence" under § 16(b), which the statute defines as an

"offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," 18 U.S.C. § 16(b). The district court disagreed, concluding that burglary under California Penal Code § 459 "is not a crime of violence under section 16(b)." It then sentenced the defendant to 24 months of incarceration, and the government appealed.

After the government appealed this decision, the United States Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* held that language similar to § 16(b), the Armed Career Criminal Act's so-called "residual clause"[1] definition of a "violent felony," is unconstitutionally vague. 135 S. Ct. at 2557; *see also Dimaya*, 803 F.3d at 1115. We deferred submission pending this court's decision in *Dimaya* (which addressed *Johnson*'s impact on § 16(b)), and ordered supplemental briefing once *Dimaya* became final.

**2.** In *Dimaya*, we relied on *Johnson* to hold that § 16(b)—the exact same definition of a "crime of violence" at issue in this case—was void for vagueness. *Dimaya*, 803 F.3d at 1115. We stated that the "residual clause" declared unconstitutional in *Johnson* and § 16(b), although not identical, are both "subject to the same constitutional defects." *Id*. Here, the government seeks to distinguish *Johnson* based on the insignificant differences between the

---

[1] The "residual clause" defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

"residual clause" and § 16(b)—arguments that we explicitly rejected in *Dimaya*, *id.* at 1117–19. Indeed the government admits as much, and offers no basis upon which to distinguish the application of § 16(b) in *Dimaya* and its application here. We, too, see no reason why *Dimaya* does not control this case. We therefore hold that § 16(b), as incorporated in U.S.S.G. § 2L1.2(b)(1)(C), is unconstitutionally vague, and affirm the sentence.

**AFFIRMED**.