Opinion by Judge HURWITZ; Dissent by Judge IKUTA.
OPINION
HURWITZ, Circuit Judge:
Jason Lee was convicted of distributing crack cocaine. He appeals only the resulting sentence. Because we find that the district court erred by imposing a career offender enhancement under § 4Bl.l(a)(3) of the United States Sentencing Guidelines (“Guidelines”), we vacate the sentence and remand for resentencing.
I.
Lee. had two prior California drug convictions. ■ In light of those -convictions, after the jury found Lee guilty of distributing crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), the district court -applied the career offender enhancement of Guidelines § 4B1.1 in calculating •the Guidelines range. Under the Fair Sentencing Act of 2010, Pub. L. No.- Ill— 220, § 2,124 Stat. 2372, 2372 (amending 21 U.S.C. § 841), the court calculated the Guidelines range as 262 to 237 months, but sentenced Lee to 180 months in custody and ten years of- supervised release.
On appeal, we held that only one' of Lee’s drug convictions qualified as a predicate “controlled substance offense”' under the career offender enhancement. United States v. Lee (Lee I), 704 F.3d 785, 790-92 (9th Cir.2012). We vacated Lee’s sentence, but because the drug convictions were not Lee’s only, prior convictions, we remanded for the district court to “consider whether Lee’s convictions under California Penal Code §§ 69 and 243.1” were for “crimes of violence” under § 4Bl.l(a)(3) of the Guidelines, and thus were “predicate offenses that, in conjunction with” the drug conviction, “would qualify Lee as a career offender.” Id. at 792.
On remand, the district court found that each conviction was for a “crime of violence.” Applying the career offender enhancement, the court calculated the Guidelines range as 360 months to life, but sentenced Lee to ten years in prison *1126 and ten years of supervised release. Lee timely appealed.
II.
“All sentencing proceedings are to begin by determining .the applicable Guidelines range.” United States v. Carty, 520 F.3d 984, 991 (9th Cir.2008) (en banc). In calculating a sentence, the district court is required by § 1B1.1 of the Guidelines first to determine the base offense level, and then make appropriate upward or downward adjustments; At issue in this case is Part B of Chapter Four of the Guidelines, which requires enhancement of the offense level of a “career offender.” Section 4Bl.l(a) defines a “career offender” as a defendant who “has at least two -prior felony convictions of either a crime of violence or a controlled substance offense.” Section 4B1.2(a) in turn defines a “crime' of violence” as:
any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that — (1) has as an element the use, attempted úse, or threatened use of physical 'force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. '
The final clause in § 4B1.2(a), beginning with the words “or otherwise,” is commonly referred to as the “residual clause.” See, e.g., United States v. Crews, 621 F.3d 849, 852 (9th Cir.2010).
“We review de novo a district court’s ‘interpretation of the Sentencing Guidelines and its determination that a defendant qualifies as a career offender’ under U.S.S.G. § 4B1.1.” United States v. Mitchell, 624 F.3d 1023, 1026 (9th Cir.2010) (quoting United States v. Crawford, 520 F.3d 1072, 1077 (9th Cir.2008)). “A mistake in calculating the recommended Guidelines sentencing range is a significant procedural error that requires us to remand for resentencing.” United States v. Munoz-Camarena, 631 F.3d 1028, 1030 (9th Cir.2011); see also Molina-Martinez v. United States, — U.S. -, 136 S.Ct. 1338, 1345-46, 194 L.Ed.2d 444 (2016).[1]
III.
Lee contends that he is not a “career offender” because he does not have “at least two prior felony eonyictions of either a crime of violence or a controlled substance offense.” U.S.S.G. § 4Bl.l(a). Because we have already held that Lee’s 1998 Alameda County Superior Court conviction for violating California Health & Safety Code § 11352(a) “qualifies as a predicate controlled substance offense,” Lee I, 704 F.3d at 792, the issue for decision is whether either of Lee’s convictions under California Penal Code § 243.1 > or § 69(a) are “crimes of violence” under Guidelines § 4Bl.l(a). The government does not contend that either § 243.1 or § 69 is a controlled substance offense, “has as an element the use, attempted use, or threatened use of physical force against the . person of another,” U.S.S.G. § 4B1.2(a)(l), or corresponds to an enumerated crime in § 4B1.2(a)(2). The only question,' then, is whether, under the residual clause,' either crime “otherwise involves conduct that presents a serious potential risk of physical injury to another.” U.S.S.G. § 4B1.2(a)(2).
*1127 A.
In interpreting the residual clause, our jurisprudence has been informed by cases interpreting an identical. clause in the Armed Career Criminal Act (“ACCA”), 18 U.S.C. § 924(e)(2)(B). See United States v. Spencer, 724 F.3d 1133, 1138 (9th Cir.2013). We vacated submission in this ease pending the Supreme Court’s decision in Johnson v. United States, which found the ACCA residual clause unconstitutionally vague. — U.S. -, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). In light of a division among our sister circuits as to whether the residual clause in,.Guidelines § 4B1.2(a)(2) is also void for vagueness, we then requested supplemental .briefing. Compare Ramirez v. United States, 799 F.3d 845, 856 (7th Cir.2015) (acting “on the assumption that the Supreme Court’s reasoning applies to section 4B1.2 as well”); United States v. Maldonado, 636 Fed.Appx. 807, 810, 2016 WL 229833, *3 & n. 1 (2d Cir. Jan. 20, 2016) (holding the Guidelines clause void for vagueness and collecting cases) ivith United States v. Matchett, 802 F.3d 1185, 1193-95 (11th Cir.2015) (rejecting a vagueness challenge to § 4Bl,2(a)(2) of the Guidelines). Because we find that neither of Lee’s cohvictions would qualify as a “crime of violence” under our pre-Johnson caselaw, we need not address this constitutional question.[2]
California Penal Code § 243.1 provides:
*1128 When a battery is committed against-the 'person of a custodial officer as defined in Section 831- of the Penal Code, and the person committing the offense knows or reasonably should know that- the victim is a custodial, officer, engaged in .the per.-formance of his or her duties, and the custodial officer is engaged in the performance of his or her duties, the offense shall .be punished by imprison-ment____
Because . § 243.1. is indivisible,, we apply the pure categorical approach in analyzing .whether it qualifies as a “crime of violence.” See Descamps v. U.S., — U.S. —, 133 S.Ct. 2276, 2281, 186 L.Ed.2d 438 (2013). In determining whether an offense categorically qualifies as a crime of violence under the residual clause, “we generally examine two criteria.” United States v. Park, 649 F.3d 1175, 1177 (9th Cir.2911). “First, the conduct encompassed by the elements of the offense, in the ordinary case, must present a serious potential risk of physical injury to another.” Id. at 1177-78 (alteration and internal quotation omitted). “Second, the state offense must be ‘roughly similar, in kind as well as in degree of . risk posed’ to those offenses emimerated at the beginning of the' residual clause — burglary of a' dwelling, arson, extortion, and crimes involving explosives.” Id. at 1178 (quoting Begay v. United States, 553 U.S. 137, 143, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008)). Both criteria must be satisfied for a conviction to qualify as a crime of violence. See United States v. Spencer, 724 F.3d 1133, 1138 (9th Cir.2013).
Under California Penal Code § 242, simple battery “need not involve any real violence,” and “the least touching may constitute battery.” People v. Mesce, 52 Cal.App.4th 618, 60 Cal.Rptr.2d 745, 756 (1997) (alteration and quotation marks omitted). The parties agree that a violation of California Penal Code § 243.1 requires no'more'force than a simple battery. But, the government argues that because § 243.1 involves a battery against a “custodial officer ... in the performance of his or her duties,” the “serious potential risk” ■ requirement of Guidelines § 4B1.2(a)(2) is met. i-
The Fourth Circuit has persuasively rejected an identical argument, holding that a conviction for violating a Virginia statute prohibiting assault and battery on a police officer, which “may be accomplished by the slightest touching or without causing physical injury to another,” did not qualify as a crime of violence under the Guidelines. United States v. Carthorne, 726 F.3d 503, 514 (4th Cir.2013).[3] The Fourth Circuit reasoned that “because this physical contact element ... may be satisfied in, a relatively inconsequential manner, that statute- cannot, by reason of its elements, be viewed as presenting a serious potential risk of physical injury.” Id.
We agree. In doing so, we depart from the reasoning of the First Circuit in United States v. Dancy, which upheld the application of the Armed Career Criminal Act’s residual clause based upon a Massachusetts conviction for battery on a police officer. 640 F.3d 455, 470 (1st Cir.2011). The First Circuit relied on its earlier decision in United States v. Williams, which held that “battery of an armed on-duty police officer is -a-, powder keg ... which always has the serious potential” to “explode into violence and result in physical injury to someone.” 559 F.3d 1143, 1149 (10th Cir.2009) (citations and quotation marks omitted). Like the Fourth Circuit, we reject the “powder keg” theory as a “disservice to law enforcement officers,” *1129 who “can rely on their training and experience to determine the best method of responding” to a non-violent’' touching. Carthorne, 726 F.3d at 514. Under the categorical approach, a crime which can be accomplished by “minimal physical contact ... does not constitute an offense ‘that ordinarily induces an escalated response from the officer that puts the officer and others at a similar serious risk of injury’ ” when compared to arson or a crime involving explosives. Id. at 515 & n. 12 (quoting United States v. Hampton, 675 F.3d 720, 731 (7th Cir.2012)). A conviction under § 243.1 is not for a categorical crime of violence under the career offender enhancement,
B.
California Penal Code § 69(a) punishes: Every person who attempts, by pieans of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon the officer by law, or who knowingly resists, by the use of force or violence, the officer, in the performance of his or her duty.
The. alternative methods . of violating § 69(a) “have been called the ‘attempting tb deter’ prong and the ‘actually resisting an officer’ prong.” Flores-Lopez v. Holder, 685 F.3d 857, 862 (9th Cir.2012) (quoting People v. Lopez, 129 Cal.App.4th 1508, 29 Cal.Rptr.3d 586, 603 (2005)). Because the statute is divisible, we apply the modified categorical approach to determine which prong of § 69(a) Lee violated. See Descamps, 133 S.Ct. at 2283-85.
Lee pleaded guilty to a criminal complaint alleging violation of both prongs of § 69(a). But that plea did not establish that he violated both prongs. “[UJnder the modified categorical approach, when a conjunctively phrased charging document alleges several theories of the crime, a guilty plea establishes cohviction under at least one of those theories, but riot necessarily all of them.” Young v. Holder, 697 F.3d 976, 986 (9th Cir.2012) (“[W]hen either ‘A’ or ‘B’ could support a conviction, a defendant who pleads guilty to a charging document alleging ‘A and B’ admits only ‘A’ Or‘B.’”); Nor'do the Shepard documents aid us in deteririining which prong of this divisible statute Lee violated. See Shepard v. United States, 544 U.S. 13, 16, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) (holding that courts may “generally” consider “the statutory definition, charging document, written plea’ agreement, transcript of plea colloquy, and any explicit factual'finding by the trial judge to which the defendant assented”). Thus, if violation of either prong of § 69(a) does not constitute a categorical crime of violence, Lee’s conviction under that statute cannot justify application of the career offender enhancement.
We have not directly .addressed in a published opinion whether a violation of the “actually resisting prong” of § 69(a) constitutes a “crime of violence” under the § 4B1.2(a)(2) residual clause. However, in Flores-Lopez, we held that because the “actually resisting prong” of § 69(a) may be satisfied by “de minimis force” and “does riot by its nature create a substantial risk that force will be used,” a conviction under that prong is not á crime of violence under 18 U.S.C. § 16(b). 685 F.3d at 865. Section 16(b) defines a “crime of violence” as a felony “that, by its nature,' involves a substantial' risk that physical force against the person or property of another may be used in' the course of committing the offense.” [4] The language - of the *1130 § 4B1.2(a)(2) residual clause is remarkably similar; it defines a crime of violence as “conduct that presents a serious potential risk of physical injury to- another.” See United States v. Gomez-Leon, 545 F.3d 777, 788-89 (9th Cir.2008) (noting that the § 4B1.2(a)(2) “serious risk of injury test resembles” the § 16(b) “substantial risk/ use of force test,” and that “it is unclear whether there is any meaningful difference between the two risk-based approaches”). Consistent with our reasoning in Flores-Lopez, we conclude that a conviction under the “actually resisting prong” of § 69(a) does not constitute a crime of violence under the residual clause. We therefore need not consider whether a conviction under the “attempting to deter prong” involves a residual-clause crime of violence.
IV.
Neither Lee’s § 243.1 nor his § 69 conviction was for a “crime of violence” as defined by the residual clause of Guidelines § 4B1.2(a)(2). And, because Lee has only one qualifying conviction, see Lee I, 704 F.3d at 792, the career offender enhancement is not warranted. We therefore VACATE Lee’s sentence and REMAND for resentencing.[5]

, After determining the applicable offense lev- , el, including any enhancements, and the defendant's criminal history category, the district court calculates the corresponding Guidelines sentencing range. U.S. Sentencing Guidelines Manual § 1B1.1(a)(7) (U.S. Sentencing Comm'n 2015), The court then considers the statutory factors in 18 U.S.C. § 3553(a), and exercises its discretion to determine an appropriate sentence, whether inside or outside the Guidelines range. Carty, 520 F.3d at 991-92.

. Although the dissent argues that we; should decide this constitutional issue and ultimately adopt a new test to determine whether Lee’s convictions are "crimes of violence” in a post-Johnson world, it declines- to adopt such a test, ultimately concluding that the offenses either may or may not be "crimes of violence,” depending on which of two alternative approaches is taken. But the task before us is not theory, but decision. We must decide whether the residual clause enhancements were properly applied to Lee's sentence, not whether they could constitutionally apply to some future hypothetical defendant, We also note that the Sentencing Commission intends to remove the residual - clause from § 4Bl,2(a)(2), effective August 1; 2016. See Amendment to the Sentencing Guidelines (Preliminary), United States Sentencing Comm’n (Jan. 8, 2016), http://www.ussc.gov/sites/ default/files/pdf/amendment-process/reader-friendly-amendments/20160108_RF.pdf. Because the government has routinely conceded error in pending appeals involving the residual clause, there therefore is, little reason ,tp speculate about a test for application of the clause in future cases.
And, unlike our dissenting colleague, we fail to see how Johnson could have disadvantaged Lee. Johnson did not invalidate the use of the categorical approach. See 135 S.Ct. at 2562 ("declining] the dissent’s invitation” to "jettison for the residual clause ... the categorical approach adopted in Taylor ”) (citing Taylor v. United States, 495 U.S. 575, 599-602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)). If Lee’s convictions did not categorically constitute crimes of violence before Johnson, it is impossible to understand how that decision— which found a statute similar to the residual clause unconstitutionally vague — somehow transformed those crimes into ones that justify application of the Guidelines enhancement. We decline to decide whether Johnson's reasoning extends to the Sentencing Guidelines, because even if it does not, we are left with the-same result in Üiis case: We must vacate and remand for resentencing because Lee’s crimes are not categorical crimes of violence. Bearing in mind the “cardinal principle of judicial restraint” that "if it is not necessary'to decide more, it is necessary not to decide more,” PDK Labs., Inc. v. DEA, 362 F.3d 786, 799 (D.C.Cir.2004) (Roberts, J,, concurring in part and concurring in the judgment), we decline the dissent’s invitation ‡0 answer a constitutional question unnecessary to the disposition of this case. Instead, we follow the guidance- of the Supreme Court to avoid deciding questions on constitutional grounds if the case is otherwise determinable. See, e.g., Pearson v. Callahan, 555 U.S. 223, 241, 129 S.Ct. 808 (2009) (citing Ashwander v. TVA, 297 U.S. 288, 347, 56 S.Ct. 466 (1936) (Brandéis, J., concurring) ("The Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of.”)).

. The Virginia statute also covered battery against corrections officers. Carthorne, 726 F.3d at 512 n. 8.

. In Dimaya v. Lynch, this court concluded that § 16(b) is unconstitutionally vague. 803 F.3d 1110, 1120 (9th Cir.2015); see also United States v. Hernandez-Lara, 817 F.3d 651, 651-53, 2016 WL 1239199, *1 (9th Cir. Mar. 29, 2016) (per curiam) (applying Dimaya to U.S.S.G. § 2L1.2(b)(1)(C), which incorporat *1130 ed the § 16(b) definition of “crime of violence").

. Although we differ in our approaches, we are gratified that our colleague has also con-eluded that the appropriate disposition is to remand for resentencing.