**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

TINEIMALO ADKINS,
*Defendant-Appellant.*

No. 15-10566

D.C. No.
1:13-cr-00860-LEK-16

OPINION

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted October 10, 2017
Honolulu, Hawaii

Filed March 5, 2018

Before: Mary M. Schroeder, Dorothy W. Nelson,
and M. Margaret McKeown, Circuit Judges.

Opinion by Judge Nelson

## SUMMARY[*]

### Criminal Law

The panel affirmed a conviction and sentence for a Violent Crime in Aid of Racketeering under 18 U.S.C. §§ 1959(a)(3), (2).

The panel held that the district court erred when it instructed the jury on the federal definition of "knowingly," which lacked a self-defense instruction, rather than on the Hawaii definition.  The panel held that the error was harmless.

The panel held that the Sentencing Commission's deletion of the residual clause in the career offender guideline, U.S.S.G. § 4B1.2(a), was a substantive rather than clarifying amendment, and that the residual clause therefore applies to the defendant, who was sentenced prior to the amendment.

The panel held that the defendant's prior Hawaii convictions for unlawful imprisonment in the first degree and burglary in the first degree qualify as crimes of violence under the residual clause.

---

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Marcus B. Sierra (argued), Honolulu, Hawaii, for Defendant-Appellant.

Jill Aiko Otake (argued), Assistant United States Attorney, United States Attorney's Office, Honolulu, Hawaii, for Plaintiff-Appellee.

**OPINION**

D.W. NELSON, Circuit Judge:

*OVERVIEW*

Tineimalo Adkins appeals his conviction for a Violent Crime in Aid of Racketeering (VICAR) under 18 U.S.C. §§ 1959(a)(3), (2). Adkins argues that the district court erred in instructing the jury on the federal, rather than state, definition of "knowingly." Because any error was harmless, we **AFFIRM** Adkins's conviction.

Adkins also appeals his 210 month sentence, arguing that his prior convictions do not constitute crimes of violence under U.S.S.G. § 4B1.2. Because we find that Adkins's burglary and false imprisonment convictions qualify as crimes of violence under § 4B1.2's residual clause, we **AFFIRM** Adkins's sentence.

*FACTUAL BACKGROUND & PROCEDURAL HISTORY*

While incarcerated at the Halawa Correctional Facility in Hawaii, Adkins and five other members of the United

Samoan Organization (USOs) prison gang beat B.L., a member of a rival gang, for owing a drug debt to the USOs.

On October 10, 2014, a jury found Adkins guilty of a Violent Crime in Aid of Racketeering in violation of 18 U.S.C. §§ 1959(a)(3), (2). As the basis for the VICAR offense, Count 4 of the Indictment specifically alleged that Adkins knowingly committed an assault on B.L. "in violation of [s]ection 707-710 of the Penal Code of the State of Hawaii." Adkins submitted a Proposed Jury Instruction No. 4 setting forth the material elements of a section 707-710 violation, including the definitions of "serious bodily injury" and "knowingly" in the Hawaii Penal Code. The Hawaii Penal Code definition in Adkins's proposed instruction was: "A person acts 'knowingly' with respect to a result of his conduct when he is aware that it is practically certain that his conduct will cause such a result." The proposed definition also contained a self-defense instruction. In contrast, the government proposed a federal definition of "knowingly" that did not contain a self-defense instruction: "The word 'knowingly' means that the act was done voluntarily and intentionally, and not because of mistake or accident." Over Adkins's objections, the court adopted the government's broader, federal definition of "knowingly."

Before sentencing, the government requested that Adkins be designated a career offender under U.S.S.G. § 4B1.1. At that time, Adkins had three prior convictions: a 1997 conviction for Unlawful Imprisonment in the First Degree under Hawaii Revised Statutes section 702-721 and Sexual Assault in the Third Degree under Hawaii Revised Statutes section 707-732, both arising from the same incident; and a 2003 conviction for Burglary in the First Degree under Hawaii Revised Statutes section 708-810.

Adkins filed a Motion to Continue Sentencing, pending the outcome of *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Supreme Court in *Johnson* ultimately struck down the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. Since § 4B1.2 contains an identically worded residual clause to the one found in the ACCA, the parties agreed that *Johnson* by extension applies to the Sentencing Guidelines. The district court thus did not conduct a residual clause analysis for any of Adkins's convictions in light of *Johnson* and the parties' agreement.

The district court held that Hawaii's Burglary in the First Degree met the federal generic definition of burglary and Hawaii's Sexual Assault in the Third Degree matched the generic definition of sexual abuse of a minor, making both convictions crimes of violence. The district court did not reach whether Hawaii's False Imprisonment in the First Degree was a crime of violence.

Because the district court ruled that Adkins had at least two prior convictions that were crimes of violence, he was subject to a 12-level increase (20 to 32) in his offense level calculations. The advisory guideline imprisonment range for an offense level of 20 is 70 to 87 months. An offense level 32 has a range of 210 to 262 months. The district court sentenced Adkins to 210 months. Adkins timely appealed.

On March 6, 2017, the Supreme Court held in *Beckles v. United States*, 137 S. Ct. 886 (2017) that the residual clause in § 4B1.2 of the Sentencing Guidelines is not void for vagueness and thus upheld the clause as constitutional. *Beckles*, 137 S. Ct. at 897. The government then presented arguments on appeal that all three of Adkins's prior

convictions should qualify as crimes of violence under the
residual clause.

*JURISDICTION AND STANDARD OF REVIEW*

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We
review *de novo* jury instructions for errors of law.  *See United
States v. Cortes*, 757 F.3d 850, 857 (9th Cir. 2014).  We
review *de novo* a district court's determinations under the
Sentencing Guidelines, including the district court's
assessment of whether a prior conviction qualifies as a "crime
of violence."  *See United States v. Chavez-Cuevas*, 862 F.3d
729, 734 (9th Cir. 2017).

*DISCUSSION*

**I.  Jury Instructions**

Adkins argues that the district court erred when it
instructed the jury on the federal, rather than the Hawaii
Penal Code, definition of "knowingly."  In the context of
VICAR, we have permitted jury instructions using generic
federal definitions.  *See United States v. Joseph*, 465 F.
App'x. 690, 696 (9th Cir. 2012) (holding that the government
could prove "assault" under federal common law, and the
court was not required to instruct the jury under state law).
However, courts, in certain circumstances, should instruct on
the state definition or otherwise risk prejudice to the
defendant.  *See United States v. Carrillo*, 229 F.3d 177, 185
(2d Cir. 2000).

In *United States v. Pimentel*, the Second Circuit reiterated
that prejudice would result if a jury were not instructed on a
state-law definition that included a self-defense instruction in

the context of VICAR and similar statutes. 346 F.3d 285, 303–04 (2d Cir. 2003). "If the jury were 'instructed simply to find whether the defendant committed the offense of "murder,"' but 'not instructed as to the requisite state of mind or the law respecting self-defense[]' . . . '[a]ffirming such a conviction would be seriously problematic because the defendant's actions, as found by the jury, might not constitute murder.'" *Id.* at 303 (quoting *Carrillo*, 229 F.3d at 184) (alterations omitted).

We agree with the Second Circuit. Adkins was deprived of a self-defense instruction found within the Hawaii state definition, but not the federal definition. "Confusion and unfairness" most certainly arises when a jury lacks an instruction that contains this specific defense, and "an appellate court would have no way of knowing what the jury found the defendant's state of mind to be." *Id.* (citations and internal quotation marks omitted). Thus, the district court erred when it instructed the jury on the federal definition that lacked a self-defense instruction.

Regardless, the error is harmless because "it is clear beyond a reasonable doubt that a rational jury would have found [Adkins] guilty absent the error." *United States v. Anchrum*, 590 F.3d 795, 801 (9th Cir. 2009) (citations and internal quotation marks omitted). The record supports that Adkins, without provocation, attacked B.L. with five other men. B.L. was sitting down and watching television when Adkins and the other men attacked. Thus, we find that under the state definition of "knowingly", Adkins was "aware that it [was] practically certain that his conduct" would result in harm to B.L. and a rational jury would not find that an unprovoked attack with five other men was done in self-defense.

## II. Sentencing Enhancement

## A. The Sentencing Commission's Deletion Of The Residual Clause In The Career Offender Guideline is Not Retroactive

A defendant may only be deemed "a career offender" under U.S.S.G. § 4B1.1(a) if the defendant "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). When Adkins received his sentence, § 4B1.2(a) defined a "crime of violence" as:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

While this appeal was pending, the Sentencing Commission deleted the residual clause: "or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. App. C, amend. 798 (Supp. Nov. 1, 2016). Adkins had the misfortune of being sentenced prior to this change.

We may, however, apply a Sentencing Guideline amendment retroactively on appeal only if it clarifies existing law, rather than substantively changes the Guidelines. *United States v. Morgan*, 376 F.3d 1002, 1010–11 (9th Cir. 2004). We determine whether an amendment to the Sentencing Guidelines is clarifying by applying three non-exclusive factors. *Id.* ("There is no bright-line test for distinguishing between clarifying and substantive amendments."). The three factors are: "(1) whether the amendment is included on the list of retroactive amendments found in U.S.S.G. § 1B1.10(c); (2) whether the Commission itself characterized the amendment as a clarification; and (3) whether the amendment resolves a circuit conflict." *Id.* at 1011.

We hold that all three factors counsel against retroactivity in this appeal. First, the Sentencing Commission has not used its delegated authority to make Amendment 798 retroactive, as the Commission has done for a list of other amendments. *See* U.S.S.G. § 1B1.10(d). The Commission considered authorizing retroactive application, but stated that doing so would be "complex and time intensive." U.S. Sentencing Comm'n, Public Meeting (Jan. 8, 2016) (statement of Comm'n Chair, Chief Judge Patti B. Saris). Second, the Commission did not characterize striking the residual clause as a "clarifying" amendment. U.S.S.G. App. C, amend 798 (Supp. Nov. 1, 2016). Rather, it described the change as "a matter of policy." *Id.* Third, the Commission did not specify that it was resolving a circuit split in making the change. *See United States v. Christensen*, 598 F.3d 1201, 1205 (9th Cir. 2010) (citation and internal quotation marks omitted) (finding an amendment retroactive where the Commission "specifically states that the amendment addresses a circuit conflict regarding application of the undue influence enhancement."). The Commission's decision to remove a

category of offenses from the Career Offender Guidelines was not made with the "express purpose of resolving a conflict among the circuits that resulted from reasonable though differing interpretations of the Guideline[s]." *Id.* (quoting *United States v. Van Alstyne*, 584 F.3d 803, 818 (9th Cir. 2009)). The Commission did not, for example, clarify that the Sixth Circuit correctly applied a Guideline to a set of facts while the Eleventh Circuit erred. *See Christensen*, 598 F.3d at 1205. Nor did the Commission clarify the meaning of a term in a Guideline. *See Van Alstyne*, 584 F.3d at 818. Rather, the Commission entirely eliminated a clause from a Guideline.

The second and third factors do not weigh in favor of retroactivity even though the Commission stated that the residual clause in the Career Offender Guidelines "implicates many of the same concerns cited by the Supreme Court in [*Johnson v. United States*]." U.S.S.G. App. C, amend 798 (Supp. Nov. 1, 2016). In *Johnson*, the Court struck down as unconstitutionally vague an identical provision in the ACCA, in part, because of arbitrary and inconsistent application among federal courts. *Johnson*, 135 S. Ct. at 2560 (recognizing residual clause under ACCA "created numerous splits among the lower federal courts, where it . . . proved nearly impossible to apply consistently") (citations and internal quotation marks omitted). But the second and third factors examine whether the Commission meant to clarify *existing law*, not whether—as occurred here—the Commission made a substantive change in order to create a new law that is now clearer on its face and in application. *See Morgan*, 376 F.3d at 1010.

The Commission also stated that *Johnson* "has given rise to significant litigation regarding the guideline definition of

'crime of violence,'" and so struck the clause to "alleviate some of the ongoing litigation and uncertainty resulting from the *Johnson* decision." U.S.S.G. App. C, amend 798 (Supp. Nov. 1, 2016). Since enactment of the amendment, the Supreme Court in *Beckles* settled that *Johnson* does not apply to the Sentencing Guidelines. *See Beckles*, 137 S. Ct. at 897. As a result, applying retroactively the deletion of the residual clause no longer resolves any uncertainty.

While not part of our analysis under the *Morgan*-line of cases, we note that the Supreme Court's decision in *Welch v. United States*, 136 S. Ct. 1257 (2016), is persuasive evidence that removal of the residual clause is a substantive change to the Sentencing Guidelines, not a clarifying one. In *Welch*, the Court held that "*Johnson* changed the *substantive reach* of the Armed Career Criminal Act, [by] altering the range of conduct or the class of persons that the [Act] punishes." *Id.* at 1265 (emphasis added). It follows that the amendment changed the "substantive reach" of the Sentencing Guidelines, because *Johnson* made the exact alteration to the ACCA that the Commission made to the Guidelines: it eliminated the identically-worded residual clause. We therefore do not strike the residual clause retroactively in Adkins's case.[1]

As discussed below, the residual clause sweeps in at least two of Adkins's prior convictions as crimes of violence. The clause was still in place at the time the district court sentenced Adkins and survived constitutional challenge in

---

[1] Our sister circuit has reached the same conclusion that the elimination of the residual clause does not apply retroactively. *See United States v. Wurie*, 867 F.3d 28, 35 n.7 (1st Cir. 2017).

*Beckles*.**²**  *See United States v. Miller*, 822 F.2d 828 (9th Cir. 1987) (holding that the government may withdraw an earlier concession in light of intervening Supreme Court precedent). "Because we may 'affirm the district court's sentencing decision on any basis supported by the record,'" we analyze Adkins's prior convictions under the residual clause.  *United States v. Simmons*, 782 F.3d 510, 516 (9th Cir. 2015) (quoting *United States v. Polanco*, 93 F.3d 555, 566 (9th Cir. 1996)).

## B. Adkins's Prior Convictions Are Crimes Of Violence Under The Residual Clause

Having determined that the residual clause still applies to Adkins's prior convictions, we use a two-part test to assess whether such convictions qualify as crimes of violence under the clause.  *See Begay v. United States*, 553 U.S. 137, 143 (2008); *United States v. Park*, 649 F.3d 1175, 1177–78 (9th Cir. 2011).  First, the "conduct encompassed by the elements of the offense, in the ordinary case, must present a serious potential risk of physical injury to another."  *Park*, 649 F.3d at 1177 (quoting *James v. United States*, 550 U.S. 192, 208 (2007)).  Second, the prior offense must be "roughly similar, in kind as well as in degree of risk posed" to those enumerated at the beginning of the residual clause—burglary of a dwelling, arson, extortion, and crimes involving explosives.  *Id.* at 1178 (quoting *Begay*, 553 U.S. at 143).  In the "similar in kind" analysis, we must determine whether the

---

**²** While Adkins's conviction for Sexual Assault in the Third Degree was one of the bases for the district court's enhancement, we need not decide whether the district court erred since Adkins's two other convictions are crimes of violence.

predicate offense involves "purposeful, violent, and aggressive conduct." *Begay*, 553 U.S. at 145.[3]

### 1. Hawaii's Burglary In The First Degree

Hawaii's Burglary in the First Degree provides:

(1) A person commits the offense of burglary in the first degree if the person intentionally enters or remains unlawfully in a building, with intent to commit therein a crime against a person or against property rights, and:

(a) The person is armed with a dangerous instrument in the course of committing the offense;

(b) The person intentionally, knowingly, or recklessly inflicts or attempts to inflict bodily injury on anyone in the course of committing the offense; or

(c) The person recklessly disregards a risk that the building is the dwelling of another, and the building is such a dwelling.

---

[3] "In interpreting the residual clause, our jurisprudence has been informed by cases interpreting an identical clause in the [ACCA]." *United States v. Lee*, 821 F.3d 1124, 1127 (9th Cir. 2016) (citations omitted). We recognize that, after *Johnson*, the residual clause analysis in these precedents is overruled as applied to the ACCA, but remains instructive as applied to the Sentencing Guidelines given the Supreme Court's decision in *Beckles*.

(2) An act occurs "in the course of committing the offense" if it occurs in effecting entry or while in the building or in immediate flight therefrom.

(3) Burglary in the first degree is a class B felony.

Haw. Rev. Stat. Ann. § 708-810.

Applying the two-part test, first, we have consistently found that burglary involves conduct that presents a serious potential risk of physical injury to another, even in cases where the relevant state statutes had broader locational elements than generic burglary. *See, e.g*, *United States v. Terrell*, 593 F.3d 1084, 1093–94 (9th Cir. 2010). Prior to *Johnson*, we held in *United States v. Mayer* that attempted burglary in Oregon qualifies as a crime of violence under the identical residual clause of the ACCA. 560 F.3d 948, 963 (9th Cir. 2009). Like Hawaii's definitions of "building" and "dwelling," Oregon's locational element is broader than the generic definition of burglary because it includes movable structures, such as boats and vehicles. *Id.* Nonetheless, we pointed to the risk of potential injury due to a face-to-face confrontation between the burglar and a third party, such as a bystander or police officer, despite the fact that an occupant of a building may not be present. *Id.*

Second, we have established that "a burglar's entry into movable buildings typically involves, much like generic burglary, . . . purposeful, violent, and aggressive conduct." *Park*, 649 F.3d at 1180 (quoting *Terrell*, 593 F.3d at 1094). "[I]t is hard to imagine that a state's 'burglary' definition

would not be at least 'roughly similar' to generic 'burglary.'" *Id.*

Because we are bound to follow prior precedent unless it is overruled by this Court sitting en banc or by the Supreme Court, *United States v. Arriaga-Pinon*, 852 F.3d 1195 (9th. Cir. 2017), we hold that Adkins's first degree burglary conviction qualifies as a crime of violence under the residual clause in § 4B1.2.

### 2. Hawaii's Unlawful Imprisonment In The First Degree

In light of *Beckles*, the government argues for the first time on appeal that Hawaii's Unlawful Imprisonment in the First Degree qualifies as a crime of violence under the residual clause.

At the time of Adkins's conviction, the crime of Unlawful Imprisonment in the First Degree provided:

> (1) A person commits the offense of unlawful imprisonment in the first degree if the person knowingly restrains another person:
>
>> (a) Under circumstances which expose the person to the risk of serious bodily injury; or
>>
>> (b) In a condition of involuntary servitude.

Haw. Rev. Stat. § 707-721 (1997).

As part of our residual clause analysis, we must decide whether subsections 707-721 1(a) and 1(b) are alternative elements that describe different crimes, making section 707-721 divisible. *See Lee*, 821 F.3d. at 1129. The text of the statute does not provide a clear answer, nor is there any illuminating state case law to guide us. *See Mathis v. United States*, 136 S. Ct. 2243, 2256 (2016). We may then look at the "indictment, jury instructions, plea colloquy, and plea agreement" when there is "difficulty in distinguishing between the elements and means." *Almanza-Arenas v. Lynch*, 815 F.3d 469, 481 (9th Cir. 2016); *Mathis*, 136 S. Ct. 2243 at 2256 ("if state law fails to provide clear answers, federal judges have another place to look: the record of a prior conviction itself."). Adkins's plea agreement confirms that he pled to "knowingly restrain[ing] [D.F.] under circumstances which exposed him to the risk of serious bodily injury." *See Moncrieffe v. Holder*, 569 U.S. 184, 192 (2013) (consulting plea agreement to determine which crime Petitioner was convicted of). Thus, Adkins was convicted under section 707-721(1)(a) and we may compare its elements under the modified categorical approach to determine whether they satisfy the two-part residual clause test. *See Lee*, 821 F.3d at 1129.

Section 707-721(1)(a) meets the first prong of the two-part test because it presents a risk of physical injury "in the ordinary case." *Lee*, 821 F.3d at 1128 (quoting *Park*, 459 F.3d at 1177). The elements of "exposing the victim to risk of serious bodily injury" track the language of the residual clause and must be proven beyond a reasonable doubt in each case. "[E]nvisioning the 'ordinary case' in the abstract is less crucial where, as here, the risk of danger to another person is built into the statute because the crime will involve the level of risk required by the statute every time and

not just 'ordinarily.'" *United States v. Spencer*, 724 F.3d 1133, 1144 (9th Cir. 2013).

Under the second step, section 707-721(1)(a) is "similar in kind" to burglary "because it can end in confrontation leading to violence." *Harrington v. United States*, 689 F.3d 124, 133 (2d Cir. 2012). The Second Circuit reasoned that "[w]hereas burglary is a crime directed at property that may be committed even in the absence of any other person to confront . . . unlawful restraint necessarily targets another person for the specific purpose of substantially curtailing that person's freedom of movement." *Id.* Thus, "[s]uch conduct categorically 'sets the stage for a violent confrontation between victim and assailant.'" *Id.* (quoting *United States v. Capler*, 636 F.3d 321, 325 (7th Cir. 2011)). In support of our conclusion, our other sister circuits have found that false imprisonment crimes are similar in kind to burglary because they pose similar risks. *See, e.g.*, *Capler*, 636 F.3d at 327 (concluding that Illinois' crime of unlawful restraint is a crime of violence within the meaning of the residual clause). We therefore hold that Hawaii Unlawful Imprisonment in the First Degree qualifies as a crime of violence under the residual clause.

## CONCLUSION

In sum, we hold the district court's error in instructing the jury on the federal definition of "knowingly" was harmless. We therefore **affirm** Adkins's conviction. Further, we hold Adkins's Unlawful Imprisonment and Burglary convictions qualify as crimes of violence under the residual clause. We thus **affirm** Adkins's sentence.

**AFFIRMED.**