**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 19 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-35403 |
| Plaintiff-Appellee, | D.C. Nos. 3:16-cv-01288-JO |
| v. | 3:96-cr-00385-JO-1 |
| HAROLD VANHOOSER, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Robert E. Jones, District Judge, Presiding

Argued and Submitted June 5, 2019
Portland, Oregon

Before: MURGUIA and HURWITZ, Circuit Judges, and ZIPPS,* District Judge.

Harold VanHooser appeals the denial by the district court of a 28 U.S.C. § 2255 motion challenging his enhanced sentences for armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). VanHooser argues that after the Supreme

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\* The Honorable Jennifer G. Zipps, United States District Judge for the District of Arizona, sitting by designation.

1

Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which found the "residual" clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), unconstitutionally vague, his prior Oregon convictions for first-degree armed robbery can no longer support the sentence enhancements imposed by the sentencing judge under the ACCA, 18 U.S.C. § 924(e), and the federal "three-strikes" statute, 18 U.S.C. § 3559(c).  We vacate and remand for resentencing.

1.  VanHooser's § 2255 motion was timely as to his § 924(e) enhancement. It was filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(3).[1]  The government argues that the petition is untimely because *Johnson* deals with the ACCA residual clause, and it contends that VanHooser's 18 U.S.C. § 924(e) sentence enhancement was not based on the ACCA residual clause, but rather on the ACCA "force" clause, § 924(e)(2)(B)(i), and that he should have filed his motion within one year after his convictions became final.  *See* 28 U.S.C. § 2255(f)(1).  But the record is silent on the specific provisions of the ACCA the sentencing court relied upon in imposing the enhanced sentence.  Given that uncertainty, it would have been futile for VanHooser to challenge his sentence until

---

[1]     *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016), decided on April 18, 2016, applied *Johnson* retroactively.  VanHooser filed his § 2255 motion on June 25, 2016.

*Johnson* was decided, because until then the residual clause would have surely independently supported the enhancement. *See United States v. Geozos*, 870 F.3d 890, 897 (9th Cir. 2017).

2. Any constitutional infirmity in the residual clauses would provide no basis for § 2255 relief if VanHooser's prior Oregon first-degree robbery convictions qualify as violent offenses under the force clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(i), or the force clause of the three-strikes statute, 18 U.S.C. § 3559(c)(2)(F)(ii). But, for the reasons set forth in the opinion issued today in *United States v. Alan Lawrence Shelby*, No. 18-35515, Oregon first-degree robbery is not categorically a violent felony under the force clause of the ACCA or the indistinguishable force clause of the three-strikes statute. *See United States v. Benally*, 843 F.3d 350, 354 (9th Cir. 2016) (noting that when "the wording of [] two statutes is virtually identical, we interpret their plain language in the same manner"). The force clauses therefore cannot support the enhancements.

3. The government argues that VanHooser's ACCA sentencing enhancement is independently justified under that statute's enumerated offense provision, 18 U.S.C. § 924(e)(2)(B)(ii), by virtue of his two prior convictions for burglary and one for rape. But the government made no such argument below, and we decline to address it in the first instance on appeal. The argument may be addressed to the district court on remand.

4.   The three-strikes statute's enumerated offense clause, 18 U.S.C. § 3559(c)(2)(F)(i), defines robbery as a violent offense, and the district court held that VanHooser was properly sentenced under that provision.  But, the district court did not have the benefit of our decision today in *Shelby* in performing its analysis. We therefore remand for the district court to determine whether Oregon first-degree robbery is a categorical match to the robbery offenses enumerated in § 3559(c)(2)(F)(i) in light of *Shelby*.[2]

5.   The district court also held that VanHooser's Oregon offenses were for violation of Oregon Revised Statutes § 164.415(1)(b), which requires the use or attempted use of a dangerous weapon, and therefore were violent ACCA offenses even if a conviction under § 164.415(1)(a) for the mere possession of a deadly weapon does not qualify.  But, VanHooser's first-degree robbery indictments were conjunctively worded, alleging both that he was armed with a deadly weapon, which would violate Or. Rev. Stat. § 164.415(1)(a), and that he threatened or pointed it at a victim, which would violate subsection (b) of the Oregon first-degree robbery statute.  The state court judgments do not establish under which of the two

---

[2]   The government also argues that *Johnson* did not hold the three-strikes residual clause, 18 U.S.C. § 3559(c)(2)(F)(ii), unconstitutional.  Because the district court found the three-strikes enhancement supported by the statute's enumerated clause, it did not reach that argument, and we decline to do so in the first instance.

subsections VanHooser was convicted, nor has the government cited to other documents that would establish that the convictions were under subsection (b). Because the precise offense of conviction cannot be determined simply through a guilty plea to a conjunctively phrased charging document, the government's argument fails. *See United States v. Lee*, 821 F.3d 1124, 1129 (9th Cir. 2016); *see also Marinelarena v. Barr*, No. 14-72003, 2019 WL 3227458, at \*6 (9th Cir. July 18, 2019) (en banc) ("[A]mbiguity in the record as to a petitioner's offense of conviction means that the petitioner has *not* been convicted of an offense disqualifying her from relief.").

**VACATED AND REMANDED for resentencing on an open record.**