**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 7, 2020[*]
Decided December 8, 2020

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-2336

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 04 CR 50032 |
| ANDY SERRELL CARTER, *Defendant-Appellant*. | Philip G. Reinhard, *Judge*. |

**O R D E R**

Andy Carter, a federal inmate suffering serious medical conditions, sought compassionate release under 18 U.S.C. § 3582 based on his susceptibility to COVID-19 and his disabled wife's needs for assistance. The district court denied his request, concluding that he had not shown sufficiently compelling reasons under the statute to

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

justify release. Because the judge carefully weighed the sentencing factors set forth in 18 U.S.C. § 3553(a), we affirm.

Carter pleaded guilty in 2005 to armed bank robbery, 18 U.S.C. § 2113(a), (d), and unlawful use of a firearm, *id.* at § 924(c)(1)(A), and was sentenced as a career offender to 288 months' imprisonment. U.S.S.G. §§ 4B1.1(a), 4B1.2(a) (2004).

In May 2020, Carter moved for compassionate release under § 3582(c)(1)(A)(i).[1] He asserted that (1) his combination of medical conditions (cardiac arrest, chronic kidney disease, type 2 diabetes, asthma, obesity, and hypertension) made him more vulnerable to COVID-19; (2) his wife, bedridden by severe rheumatoid arthritis, required his care; (3) the Sentencing Commission's revised definition of "crime of violence," if applied to him today, no longer would subject him a career-offender designation; and (4) his postconviction efforts toward rehabilitation demonstrated that he was not a threat to society.

The district court did not find "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i) to warrant release and denied Carter's motion. The court acknowledged that Carter's medical conditions put him at increased risk of severe illness if he contracted COVID-19. But this consideration, in the court's view, was outweighed by the sentencing factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of his offense (a violent bank robbery) as well as his history and characteristics (prior convictions for domestic battery, reckless discharge of a firearm, possession of cannabis, unlawful restraint, and child endangerment). The court also did not find the requested release consistent with the factors to be weighed under the applicable Sentencing Commission policy statement, *see* U.S.S.G. § 1B1.13 (addressing medical circumstances that may justify early release): Carter was only 44; his facility had only one confirmed case of COVID-19 (out of an inmate population of 1200); and he had not presented evidence that he was the only available caregiver for his wife. Lastly, the court noted, the seriousness of his prior felonies was not negated by intervening changes to the Guidelines that would preclude career-offender status if he were sentenced today.

---

[1] Carter had submitted a request for compassionate release to his prison's warden in December 2019 but received no response. Under the First Step Act, the warden's failure to respond to the request within 30 days entitled Carter to proceed with his motion under § 3582(c)(1)(A) for compassionate release. *See United States v. Gunn*, 2020 WL 6813995, at *1 (7th Cir. Nov. 20, 2020).

On appeal, Carter argues that the court downplayed the severity of his illnesses and the risks he faced in prison during a deadly pandemic. He contends that the court underappreciated COVID-19's spread by relying on an outdated report of only a single confirmed case at his facility. And he faults the court for placing too much weight on his pre-conviction criminal history.

Under § 3582(c)(1)(A)(i), a district court, after considering the § 3553(a) sentencing factors, may reduce a defendant's prison term if a reduction is supported by "extraordinary and compelling reasons" and consistent with the applicable Sentencing Commission's policy statement. The relevant policy statement here is U.S.S.G. § 1B1.13, implementing the compassionate-release statute. *See Gunn*, 2020 WL 6813995, at *2. One of the application notes addresses the sort of medical circumstances that can rise to the level of an extraordinary and compelling reason. U.S.S.G. § 1B1.13, App. Note 1(A).

Here, the district court permissibly denied Carter's motion. First, the court appropriately considered the § 3553(a) sentencing factors, highlighting the violent nature of the armed bank robbery; his extensive criminal history, including the commission of his present offense less than two years after his release from prison for his most recent conviction; and the eight years that remained on his 24-year sentence. The court also adequately addressed U.S.S.G. § 1B1.13, acknowledging Carter's significant medical conditions but finding those offset by his relative youth (44), the facility's success to date in controlling the COVID-19 outbreak, and the caregiving that relatives were able to provide for his wife. *Cf. Gunn*, 2020 WL 6813995, at *1–3 (vacating denial of inmate's § 3582(c) motion for compassionate release where the district judge mistakenly concluded that the statute's final language—"that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"— prevented him from granting compassionate release at the inmate's request). And to the extent Carter believes that the court relied on "incomplete" or "flawed" information, given the worsening nature of the pandemic,[2] the court had to base its decision on the available data "at the time of the ruling." *United States v. Howell*, 958 F.3d 589, 595 (7th Cir. 2020).

---

[2] The number of confirmed COVID-19 cases at Carter's prison grew to 90 around the time Carter filed his appellate brief and to 183 by the time of this decision. Federal Bureau of Prisons, COVID-19 Update, www.bop.gov/coronavirus.

Carter next maintains that the district court wrongly refused to revisit his career-offender status in light of a 2016 amendment to the Sentencing Guidelines' career-offender provisions. Under Amendment 798, the Sentencing Commission revised the definition of "crime of violence" set forth in U.S.S.G. § 4B1.2(a), eliminating the residual clause that had been used at Carter's sentencing in 2005 to cover his convictions for reckless discharge of a firearm and unlawful restraint. Based on this change, Carter insists that he no longer should face a sentence of that of a career offender.

Carter misapprehends the application of the amendment. First, the Commission declined to make the amendment retroactive. U.S.S.G. § 1B1.10(a)(1), (a)(2)(A), (d*); see, e.g., United States v. Adkins*, 883 F.3d 1207, 1212 (9th Cir. 2018). Further, the judge acknowledged that Carter's prior felonies no longer qualified as career-offender predicates under the Guidelines, but he nevertheless exercised his discretion by treating them as serious offenses that factored into his § 3553(a) assessment. *See United States v. Clayton*, 811 F.3d 918, 921 (7th Cir. 2016).

We have considered Carter's remaining arguments, and none has merit.

AFFIRMED